```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE EX PARTE APPLICATION OF          :       24 MC _____
NAVIOS SOUTH AMERICAN                  :
LOGISTICS INC.                         :
-------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF
## NAVIOS SOUTH AMERICAN LOGISTICS INC.'S PETITION FOR AN
## EX PARTE DISCOVERY ASSISTANCE ORDER PURSUANT TO 28 U.S.C. § 1782(a)

Petitioner, NAVIOS SOUTH AMERICAN LOGISTICS INC.'s ("Petitioner" or "NSAL"), by its undersigned counsel, respectfully submits this Memorandum of Law in support of its Petition for an Ex Parte Order authorizing it to obtain discovery for use in a foreign proceeding from entities found in this District, and/or within the jurisdictional limits of the Court's subpoena power, pursuant to 28 U.S.C. § 1782(a). Specifically, Petitioner seeks an Order allowing it to serve subpoenas to third parties within the District and/or within the jurisdictional limits of the Court's subpoena power, to obtain production of documents and information pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure.

The requested discovery will aid Petitioner in its prosecution of a foreign proceeding against Claudio Pablo Lopez and Carlos Augusto Lopez ("Defendants") presently pending in the High Court of the Republic of Marshall Islands ("MI Litigation").

### PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

Petitioner seeks this Court's authorization to obtain discovery for use in the MI Litigation that it has commenced against Defendants. As detailed in the supporting Declaration of Kevin J. Lennon ("Lennon Decl."), and Petitioner's Complaint filed and served in the MI Litigation which is annexed thereto, Petitioner has asserted seven (7) claims against Defendants in its Complaint

alleging Defendants' breach of duties as directors and executive officers of Petitioner, fraud, unjust enrichment, civil conspiracy, and conversion. *See Lennon Decl., Ex. 1*.

Specifically, Petitioner's Complaint alleges that the Defendants engaged in a scheme to defraud Petitioner out of millions of dollars. Pursuant to their scheme, Defendants – who were directors and executive officers of Petitioner – directed individual employees at the Company to create fake and forged invoices and to falsify accounting records in order to conceal improper payments made by Petitioner, at Defendants' direction, to Defendants and members of Defendants' family in Buenos Aires, Argentina. *Id.*

The Defendants also caused Petitioner substantial harm by authorizing a family member to disclose confidential information regarding bunker fuel supplier bids with one of Petitioner's fuel suppliers and/or owned by a family member related to Defendants. Defendants thus corrupted and rigged the Petitioner's fuel bidding process, impermissibly steered Petitioner's funds to their family through contracts, forced Petitioner to receive substandard and insufficient services, and caused Petitioner to incur losses based on the terms of the bunker fuel contracts. *Id.*

Additionally, the Defendants further looted Petitioner's coffers by using Petitioner's "petty cash", credits cards and other accounts for personal expenses entirely unconnected to Petitioner's business. *Id.*

## ARGUMENT

### I. THE PETITION MEETS THE STATUTORY REQUIREMENTS

Under 28 U.S.C. § 1782(a), "[t]he District Court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." Moreover, an order made pursuant to § 1782(a) may be

made "upon the application of any interested person." 28 U.S.C. § 1782(a). The "twin aims of the statute" are to "provid[e] efficient means of assistance to participants in international litigation in our federal courts and encourage[s] foreign countries by example to provide similar means of assistance to our courts." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81 (2d Cir. Mar. 16, 2012) (*citing Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004)). The Second Circuit has interpreted this provision as authorizing the court to grant a petition for discovery under 28 U.S.C. § 1782(a) where:

(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the petition is made;

(2) the discovery is for use in a foreign proceeding before a foreign tribunal; and

(3) the petition is made by a foreign or international tribunal or any interested person.

*Brandi-Domn*, 673 F.3d at 80 (citing *Schmitz Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004)).

NSAL's Petition satisfies each requirement. First, the entities from whom discovery is sought, namely American Express Bank, Banco Santander, Bank of New York Mellon, Boca World LLC, Citibank, Citimortgage Inc., Standard Bank, UBS Ltd. and Wells Fargo Bank, are "found" in this District. While "Section 1782 does not define what it means for an entity to reside or be found in a district," *In re Sargeant*, 278 F. Supp. 3d 814, 819 (S.D.N.Y. 2017), "the statutory scope of 'found' extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 527–28 (2d Cir. 2019) (further holding that even "tag jurisdiction" was sufficient to satisfy § 1782's found requirement and that § 1782 should be interpreted broadly to permit its application as much as possible within the confines of due process."). All of the entities from which discovery is sought are subject to either the Court's general or specific

jurisdiction. *See, e.g.*, *In re Abraaj Inv. Mgmt. Ltd.*, No. , 2023 U.S. Dist. LEXIS 54296, at * 9–14 (S.D.N.Y. Mar. 29, 2023) (holding that Bank of New York Mellon, Citibank, UBS, and Standard were subject to general jurisdiction in New York and Wells Fargo was subject to specific jurisdiction by virtue of being correspondent banks for the defendant's foreign accounts, as is the case here).

Presently, all of the parties from whom discovery is sought are subject to either the general jurisdiction of this Court—American Express, Bank of New York Mellon, Boca World LLC, Citibank, and UBS are New York corporations and thus subject to the states general jurisdiction— or subject to this Court's specific jurisdiction by virtue of the connection of their presence in New York with the allegations of the claims—Citimortgage, Wells Fargo and Santander by virtue of their role as potential recipients of monies obtained by the Defendants by virtue of the fraud perpetrated against NSAL. *See*, *In re Inv. Bank PSC,* 567 F. Supp. 3d 449, 451 (S.D.N.Y. 2021) (finding the § 1782 requirements were met where intermediary bank "does business in the Southern District of New York" and applications sought subpoenas "to reveal the existence and nature of suspected transactions."). Accordingly, the parties from whom discovery are sought are "found" within the District as contemplated by § 1782.

Second, the discovery sought will be used in a foreign proceeding. The MI Litigation qualify as a "proceeding[] in a foreign ... tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258-59 (2004) (noting that in the context of 28 U.S.C. § 1782(a) "Congress[] recogni[zes] that judicial assistance would be available 'whether the foreign or international proceeding or investigation is of a criminal, civil, administrative, or other nature'" and that § 1782(a) "does not limit the provision of judicial assistance to 'pending' adjudicative proceedings"; such proceedings must merely "be within reasonable contemplation"). The MI

4

Litigation is a currently pending matter in a foreign jurisdiction and the information sought by this application will be of direct use in the prosecution of that action. *See, BonSens.org v. Pfizer, Inc.*, 95 F.4th 75, 80 (2d Cir. 2024) (holding that to satisfy the second prong "the requested discovery must 'be employed with some advantage or serve some use in the proceeding.'" (quoting *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017)). There exist no "procedural hurdles" to the use of the requested information in the MI Litigation and the information sought is directly relevant to the claims in the MI Litigation, well beyond the "minimally relevant" standard needed for the application of § 1782(a). *See, id.* at 80–81 (holding that a party must show that "the evidence is minimally relevant to the foreign proceeding" and that § 1782 would not be applicable where there exists "a series of procedural hurdles under [foreign] law before it [could] present any evidence to [the foreign] court."). Accordingly, the second element is met.

Finally, the Petitioner is an "interested person" within the meaning of 28 U.S.C. § 1782(a). *See id.* at 256 (stating that the term "interested person" is intended to include not just "litigants before foreign or international tribunals" but any "complainant [who] 'possess[es] a reasonable interest in obtaining [judicial] assistance'") (citation omitted). NSAL is prosecuting the MI Litigation against the Defendants and thus satisfies the "interested person" requirement. Under these circumstances, this Court is authorized to grant the Petition under 28 U.S.C. § 1782(a).

## II. DISCRETIONARY CONSIDERATIONS MERIT GRANTING THE DISCOVERY ASSISTANCE REQUESTED IN THE PETITION

The Supreme Court has explained that "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp.*, 542 U.S. at 264. In the present case, in addition to satisfying § 1782(a)'s statutory requirements, Petitioner also satisfies certain discretionary factors that "bear consideration in a ruling on a § 1782 request," which favor granting this Petition. *Id.* at 264–65.

5

First, Petitioner's need for discovery from the entities to whom subpoenas would be issued by means of section 1782(a) is made more "apparent" by the fact that they are not, and are quite unlikely to be, participants in the MI Litigation. *Id.* at 264. As the Supreme Court noted, "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*. As such, relief under section 1782(a) may not be warranted where the relevant foreign tribunal does not need the assistance or the petitioner can otherwise obtain the requested discovery through the foreign proceeding. *Id*. Here, the entities upon which Petitioner seeks to serve subpoenas possess evidence as to the Defendants' bank accounts, credit facilities, and correspondent bank relationships, as well as real estate owned in New York, which, upon information and belief, have been funded with the monies stolen from the Petitioner. Thus, these entities possess information which may be useful in the MI Litigation with respect to Defendants' liability as alleged by NSAL in the MI Litigation. *See Lennon Decl., ¶¶ 10-15*.

None of the entities to whom the subpoenas would be issued are presently, or contemplated, to be participants in the MI Litigation. Further, NSAL cannot otherwise obtain this discovery through the MI Litigation. This showing weighs in favor of granting the Petition.

Second, the Marshall Islands High Court will be receptive to this Court's assistance in discovery. "[A] court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 264–65. In this case, the Marshall Islands High Court where NSAL is pursuing relief and recovery against the Defendants will be receptive to this Court's assistance in obtaining discovery regarding bank account and/or credit facilities, and the real estate, all of which is located in New York, and which, upon information and belief, have been funded with monies that the

6

Defendants have stolen from the Petitioner. *See Lennon Decl., ¶10*; *see also In re 28 U.S.C. § 1782,* 249 F.R.D. 96 (S.D.N.Y. 2008) (granting petition in aid of litigation in Norwegian court proceedings). Therefore, the nature of the MI Litigation, and the receptivity of the Marshall Islands High Court, also weigh in favor of granting the Petition.

Third, the Petitioner has not filed the Petition as a means of circumventing discovery limits set in the MI Litigation, as no such limits have been set by Marshall Islands High Court. *See Lennon Decl., ¶16.* "[A] district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign-proof gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. Courts have interpreted this discretionary factor as an inquiry into the Petitioner's good faith. *In re Application of Gemeinschaftspraxis Dr. Med. Schottdorf*, No. M19-88 (BSJ), 2006 WL 3844464, at *7 (S.D.N.Y. Dec. 29, 2006); *see also*, *Mees v. Buiter*, 793 F.3d 291, 303–04 (2d Cir. 2015) (holding that § 1782 "contains no foreign-discoverability requirement" and that this factor "does not authorize denial of discovery pursuant to § 1782 solely because such discovery is unavailable in the foreign court, but simply…allow[s] consideration of foreign discoverability (along with many other factors) when it might otherwise be relevant to the § 1782 application.") (internal quotations omitted)). Here, Petitioner has filed the Petition in good faith seeking discovery to assist it in prosecuting the MI Litigation against the Defendants. Consequently this factor also weighs in favor of granting the Petition.

Fourth, any discovery under the subpoenas will not be onerous on the subpoenaed entities, or their employees, as the subpoenas are narrowly tailored to address only documents, communications, and financial information related to the bank accounts, credit facilities, correspondent bank relationships, and the real estate located in New York. Courts may consider whether discovery requests under § 1782 are "unduly intrusive or burdensome" and should be

7

"rejected or trimmed." *Intel Corp.*, 542 U.S. at 265. Here, the Petitioner seeks only that the subpoenaed entities produce records and information and, if determined to be necessary following review of the documents and information produced in response to the subpoena, provide testimony regarding the same. This factor also weighs in favor of granting the Petition. *See, e.g.*, *In re Byrne*, No. 23-MC-048 (VEC), 2023 U.S. Dist. LEXIS 75843 at * 11–16 (S.D.N.Y. May 2, 2023) (denying a motion to quash a § 1782 subpoena issued to "13 financial institutions regarding transactions between 17 entities and individuals" as the request was properly within the scope of § 1782 and was deemed to not be a so-called "fishing expedition" where the allegations included claims for fraud, similar to those alleged here).

## CONCLUSION

For all of the foregoing reasons, Petitioner respectfully submits that the Court should grant the Petition pursuant to 28 U.S.C. § 1782(a) and issue an Order authorizing the requested discovery.

Dated: New York, NY
December 10, 2024

                                                    The Petitioner,
                                                  NAVIOS SOUTH AMERICAN
                                                  LOGISTICS INC.

By: /s/ Kevin J. Lennon
Patrick F. Lennon, Esq.
Kevin J. Lennon, Esq.
Steven R. Winters, Esq.
Elliott T. Williams, Esq.
LENNON, MURPHY & PHILLIPS, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Tel: (212) 490-6050
Fax: (212) 490-6070

pfl@lmplaw.net  
kjl@lmplaw.net  
srw@lmplaw.net  
elliott.williams@lmplaw.net