

GUZOV, LLC

January 1, 2025

**Via Electronic Filing**
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

      **Re:** *In Re: Navios South American Logistics Inc. Ci. No. 1:24-mc-00575-LJL*

Dear Judge Liman:

      Claudio Pablo Lopez and Carlos Augusto Lopez (the "Lopezes" or "Proposed Intervenors"), by and through their undersigned Counsel, respectfully submit this letter motion in further support of their motion to stay non-party subpoenas via a protective order authorized by Fed. R. Civ. P. 26(c) (or, alternatively, renewal of their motion to stay enforcement of the outstanding subpoenas).  As this Court recognized in its December 23, 2024 Order setting a briefing schedule for the Lopez' motion to intervene, if granted, Proposed Intervenors intend to move to quash the non-party subpoenas issued by Petitioners pursuant to Your Honor' Ex Parte December 18, 2024 Order (the "Discovery Order").  However, the motion to intervene and to quash would be rendered entirely moot without a stay of discovery, given Petitioner's aggressive enforcement of the Subpoenas, which are returnable starting on January 2, 2025.

      Per your Honor's Order and Individual Rules, we met and conferred telephonically with Petitioner's Counsel, Elliott Williams, Esq., on December 27 and December 31, 2024, seeking consent to our motion to intervene and to our motion for a stay of enforcement of the subpoenas. Petitioner's Counsel informed us that he would have to speak with his client before responding to our request.  As of yesterday, Counsel reports back that he has not been able to connect with his client.

      However, since the subpoenas are returnable tomorrow, Proposed Intervenors need immediate consideration of their motion to stay discovery, otherwise the relief they seek will be meaningless.  If Proposed Intervenors succeed in their challenge, without a stay, the disclosure and resultant harm to the Lopezes will be a *fait accompli.*

      After reviewing this Court's Order, Proposed Intervenors wrote to the subpoena recipients to simply inform them that Proposed Intervenors intend to challenge the subpoenas.  In response, Counsel for the Petitioner wrote to each subpoena recipient the following:

> Concerning the email/letter from the Lopezes' Counsel advising of their intent
> to file a motion to vacate the discovery order, it is Navios South American
> Logistics' position that unless and until the court issues an order vacating the

Hon. Lewis J. Liman
January 1, 2025
Page 2

discovery order or quashing the subpoena, compliance with the subpoena is required.

Email of Patrick Lennon dated December 30, 2024.

Petitioner knows that there is an upcoming challenge to the subpoenas, yet it is pushing the banks to respond before Proposed Intervenors can be heard.  In fact, Petitioner took it a step further and sent out two new, broader subpoenas just this week, after Proposed Intervenors filed their motion to intervene and stay.

Petitioners respectfully submit that this Court should stay its *ex parte* Discovery Order and the subpoenas that were subsequently served.  A party seeking a stay must satisfy the traditional test for injunctive relief: "(1) that [it] will be irreparably harmed if an injunction is not granted, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of the hardships tipping decidedly in its favor." *IBM v. Papermaster*, No. 08-CV-9078 (KMK), 2008 WL 4974508, at *6 (S.D.N.Y. Nov. 21, 2008) (quoting *Lusk v. Vill. Of Cold Spring, 475 F.3d 480, 485 (2d Cir. 2007)).*  The Lopezes meet all these requirements.  The Proposed Intervenors are entitled to this relief because they face "irreparable harm" and have a "likelihood of success on the merits". *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010).*

As Proposed Intervenors pointed out in their memorandum of law in support of their motion to intervene, to show irreparable harm, it is well settled that the Lopezes must demonstrate the existence of harm which is "neither remote nor speculative, but actual and imminent." *Grand River Enterprise Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2nd Cir. 2007).*  The disclosure of their personal financial information, without prior notice and with no opportunity for them to lodge objections, constitutes "quintessential irreparable harm". *Airbnb, Inc. v. City of New York, 373 F. Supp. 3d 467, 499 (S.D.N.Y. 2019)*("The disclosure of private, confidential information is the quintessential type of irreparable harm that cannot be compensated or undone by money damages.")  If this Court does not intervene to preserve the status quo, there will be no way to un-ring the bell once the financial institutions comply with subpoenas.  The Petitioner will have reviewed confidential documents that this Court may later determine were inappropriately demanded.  The denial of temporary relief could prevent any meaningful judicial review of Proposed Intervenors' claims.  This is the quintessential case of irreparable harm.

Allowing such a premature fishing expedition would irreparably harm Proposed Intervenors.  *See Avnet, Inc. v. American Motorists Ins. Co., 115 F.R.D. 588 (S.D. N.Y. 1987)* (Weinfeld, J.) (discovery was stayed pending filing of satisfactory allegations of fraud so that plaintiff could not undertake fishing expedition).

With regard to the likelihood of success, the Lopezes are clearly likely to succeed in showing that the discovery sought against them is overbroad, and that the purported "foreign proceeding" commenced by Petitioner in the Marshall Islands is a nullity due to lack of personal jurisdiction.  We are also advised by Marshall Islands Counsel that Marshall Islands Rule of

Procedure ("MIRCP") Rule 26(d)(1) provides that a party cannot seek discovery from any source before the parties have had their Rule 26(f) conference.  As the RMI Complaint has not even been served on Proposed Intervenors, the parties to the RMI case have not had their Rule 26(f) conference yet, and Petitioners would not be allowed to commence discovery in that action.  Thus, Petitioners should not be allowed to conduct discovery in the US pending a decision on Proposed Intervenors' motion to quash discovery and vacate the discovery Order.

As we submitted in our motion papers, although these subpoenas are directed at third-parties, they are overbroad and would cause irreparable harm to Proposed Intervenors because they seek sweeping, private financial information (for example, all deposits and withdrawals). Furthermore, the action in the Marshall Islands has only just commenced and has not even been served.  Petitioner cannot credibly maintain it faces "substantial injury" by the stay that Proposed Intervenors request, as they have not even served the Marshall Islands action it claims necessitates this discovery in the first place.

We stand ready for a conference at the Court's convenience.

Respectfully Submitted,

GUZOV, LLC

_____
Anne W. Salisbury