```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
In Re: Navios South American Logistics Inc.                             :      24-MC-575 (LJL)
                                                                        :
------------------------------------------------------------------------X      ORDER
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/7/2025

LEWIS J. LIMAN, United States District Judge:

On December 18, 2024, the Court issued an order granting Navios South American Logistics Inc.'s ("Navios") motion for discovery assistance pursuant to 28 U.S.C. § 1782(a) (the "Discovery Order"). Dkt. No. 12. On December 23, 2024, Claudio Pablo Lopez and Carlos Augusto Lopez (the "Intervenors") moved to intervene. Dkt. No. 13. On January 1, 2025, Intervenors moved to stay enforcement of the subpoenas pending the Court's ruling on the anticipated motion to quash. Dkt. No. 18. Navios filed memorandum of law on January 6, 2025, stating, in part, that Navios does not oppose intervention. Dkt. No. 20 at 1.

The motion to intervene is granted on consent. Unless the parties reach an alternative agreement, in which case the parties shall submit a letter to the Court, the following schedule shall apply to the Intervenors' anticipated motion to quash the subpoenas:

- Intervenors' motion to quash the subpoenas shall be filed no later than January 13, 2025.

- Navios' response shall be filed no later than January 27, 2025.

- Intervenors' reply shall be filed no later than February 3, 2025.

Compliance with the subpoenas is stayed pending a decision on the motion to quash which the Court expects to render shortly after the motion is fully submitted. Intervenors' argument that Navios improperly proceeded ex parte is rejected. *In re Kipperbrand*, 2024 US Dist. LEXIS 188357 (S.D.N.Y. Oct. 15, 2024), which Navios cites in opposition to its request for the limited

stay, is inapposite. The issue in that case was whether the court should stay a Section 1782 order pending appeal after the Court had already considered and denied the motion to quash. Navios' Section 1782 application here has yet to be tested through an adversarial proceeding.

The Clerk of Court is respectfully directed to close Dkt. No. 18.

SO ORDERED.

Dated: January 7, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                  United States District Judge