# EXHIBIT 1

**Translation No. 126/2024 - NOTIFICATIONS OF COURT ORDER ------**

[The original document is a 12-page PDF containing scanned documents. There is a page that appears to have been scanned twice. To ensure clarity and avoid any confusion, this translation includes every page exactly as it appears in the original document. A physical copy of the PDF is attached for reference.]

MONTEVIDEO, 26/NOV/2024 -------------------------------------

ON THIS DATE, SOFÍA MARTÍNEZ, ON BEHALF OF THE PLAINTIFF, SUBMITS 2 SETS OF COPIES FOR NOTIFICATION, WHICH REMAIN IN THE FILE. -

[Illegible text] -------------------------------------------

MONTEVIDEO, 27/NOV/2024. ELECTRONIC NOTIFICATION 1945 WAS ISSUED. ---------------------------------------------------------

Montevideo, 2/DEC/2024. I notified Andrés Tiscornia (page 48) on behalf of the PLAINTIFF of order No. 3871/2024 dated 26/11/2024, who signed and acknowledged it. ------------------

[Illegible signature] ------------------------------------

Andrés Tiscornia -------------------------------------------

Montevideo, 2/DEC/2024 -------------------------------------

The case is transferred to the Court Officer. ----------------

Montevideo, 2/DEC/2024 -------------------------------------

To the Court Officer (No. 252) -----------------------------

[There is reference to this being a scanned document, which appears on all 12 pages.] -----------------------------------

[Blue stamp in the background that appears on pages 2 4, 8, 10 and reads:] Judiciary - Eastern Republic of Uruguay ----------

[Pages 2, 4, 7, 8, 10, and 12 are numbered in blue pen at the top-right corner as 151, 152, 153, 154, 155, and 156,

respectively.] ------------------------------------------------

[Image of the Uruguayan Coat of Arms] -------------------------

EASTERN REPUBLIC OF URUGUAY -----------------------------------

JUDICIARY -----------------------------------------------------

FOURTEENTH CIVIL COURT OF FIRST INSTANCE ----------------------

(Palacio de los Tribunales) Pasaje de los Derechos Humanos 1309. Montevideo ----------------------------------------------------

Tel. 2908 8897 - 1907 Ext. 8235 -------------------------------

PROCEEDINGS ---------------------------------------------------

Montevideo, December 2, 2024 ----------------------------------

**Notification No. 448/2024** ------------------------------------

To: CORPORACIÓN NAVÍOS S.A ------------------------------------

Address: PARAGUAY 2141, OF. 1603, MONTEVIDEO Montevideo -------

In the case titled: "**PEERS BUSINESS INC c/ NAVÍOS SOUTH AMERICAN LOGISTICS INC y otros -DILIGENCIA PREPARATORIA**" ["PEERS BUSINESS INC v. NAVÍOS SOUTH AMERICAN LOGISTICS INC and others - PRELIMINARY PROCEEDINGS"], IUE [Unique File ID] 2-94518/2024 --------

According to the provisions in the case file, I hereby notify you of the following: ---------------------------------------

Decree 3781/2024 ORDERS that within 15 days, Navios South America Logistics Sucursal Uruguay (NSAL Sucursal Uruguay) and Corporación Navios S.A. (CNSA) provide the documents and disclose the books requested in items 28 of page 47 (only subitems i, ii, iii, v - the first of the two with such numbering, and vii), as well as those requested from CNSA in item 30 on page 47 verso (subitems i to vi), under the terms and conditions specified in item 6) of this order. (A copy of the filed document, pages 41

to 47, is attached for your reference, and copies of pages 2 to 36 with V [five, 5] Annexes.) I hereby NOTIFY Decree 3781/2024, which arises from this notification. Let it be recorded. -----

Order No. 3781/2024 of November 19, 2024 ---------------------

***WHEREAS:*** ----------------------------------------------------

1) In these proceedings, Peerd [sic] Business INC and Claudio López, both represented by Mariela Ruanova, have appeared requesting, under the provisions of Articles 306.3 and 309 of the CGP, the issuance of preliminary measures against the legal entities identified on page 41, in order to prepare the main proceedings they intend to pursue concerning the liability of the directors of the corporations mentioned, the de facto administrator, and the respective companies, based on the facts and legal grounds set forth in their initial submission, pages 41 to 48. ---------------------------------------------------

2) Briefly states that Peers is a Panamanian company and a minority shareholder of **NSAL**, which is incorporated in the Marshall Islands but whose primary activity is based in Uruguay, with its offices located in a Free Trade Zone (paragraph 3 of page 41, verso). -------------------------------------------

Furthermore, Peers' shareholding is 100% owned by Sinimalec S.A. Within NSAL, Peers holds 36.2% of the shareholding, while Ms. Frangou holds 63.8% (through Navios Meritan Holdings) and is the CEO of NSAL. --------------------------------------------

**CNSA** is a Uruguayan commercial company, with 100% of its shareholding owned by **NSAL** and other companies. Furthermore, 80% of NSAL's revenue and income comes from the activities of CNSA and

the Uruguayan companies. NSAL's activities are carried out by subsidiary companies engaged in international transport and the operation of port terminals between Paraguay and Uruguay.-----
It is stated that, with respect to NSAL, Uruguayan courts have jurisdiction and must apply national law. This is based on the provisions of Article 57(a) and (b) of the General Law on Private International Law (LGDIPr). Additionally, there are offices in Montevideo that are a branch, agency, or permanent representation, and Article 197 of Law 16,060 would also apply. This applies even more strongly in the case of CNSA, as it was incorporated in Uruguay.------------------------------------------
As arguments for the measure, it is stated that the directors of NSAL and CNSA carried out financial operations that seriously jeopardized the corporate interest, presented irregularities, lacked transparency, and sought to cause significant harm to Peers, in addition to involving Mr. López in unknown operations that were approved in what is considered to be an abusive manner, while he was still acting as Director. The document further elaborates on each of these points, starting with those mentioned on page 43 verso, concerning a subordinated loan convertible into NSAL shares and the rationale for repaying debts owed by NSAL and Navios Logistics. It specifies the amounts of the commercial loans (page 44) and addresses other related matters, noting the requested information that was not provided (page 45).-----------------------------------------------------
It is alleged that there were irregularities in the management of the company's affairs, including the removal of co-actor Mr.

López from the Board, the signing of the subordinated loan, the delegation of authority to the NSAL Conflict Committee—whose members are accused of lacking impartiality—and the execution of a joint and several guarantee agreement on first demand for 300 million dollars for the debt assumed by CNSA with HCOB as the Agent Bank. ---------------------------------------------

It concludes by stating that, due to the lack of information on the referenced operations and the removal, documentation should be provided as established in Articles 306 and 309 of the CGP to identify and complete the necessary data for initiating the corporate responsibility actions the claimant intends to pursue. The measures are outlined in paragraphs 28 to 30 on pages 47 to 47 verso. --------------------------------------------------

3) Before recognizing the legal representation as established, the case files were forwarded to the Clerk's Office for the corresponding notarial review, resulting in Reports No. 250/2024 on page 50, No. 272/2024 on page 130, and No. 305/2024 on page 140. ------------------------------------------------------

4) Based on the reasons that will be indicated, the requested measure will be granted with the exceptions mentioned below. -

5) Regarding the court's jurisdiction and competence, certain aspects may be subject to dispute, as the headquarters or agency in question is located within a Free Trade Zone. This location does not necessarily indicate involvement in the national market, given the tax exemptions associated with the headquarters' location and its business operations. Additionally, NSAL is established abroad, as indicated and duly proven, with its

registered address in the Marshall Islands.-------------------
Notwithstanding the above, and without delving into substantive matters that could justify a later review of this decision based on new evidence presented, as well as taking into account the procedural conduct of the parties to determine the imposition of costs and expenses where applicable, the arguments presented, grounded in Article 57(b) and Articles 197 and 198 of Law 16,060, appear sufficient at this stage, level, and status to address the matter, justifying the appearance and the request for measures concerning NSAL Uruguay Branch and CNSA.-------------
Regarding the parent company, or NSAL (Navios South American Logistics INC), it does not seem feasible, as the entity operating within the national territory is, in any case, NSAL Sucursal Uruguay. Therefore, with respect to the branch, it is possible to order the measure to be detailed.--------------------
As for CNSA, which is incorporated in Uruguay, there is no doubt at this point about the possibility of issuing the required order under the terms to be specified.------------------------
6) As for the measures, some will be excluded (referring to those requested, in accordance with the principle of congruence and the dispositive, which is the culmination of the former). This applies to the measures requested in relation to NSAL and CNSA, with the understanding that, regarding NSAL, it only pertains to the Uruguay Branch. Specifically, items iv) and v), which request "*inform the legal grounds...*", and item vi) on page 47 go beyond the legal reasoning intended to be supported. This is not about the disclosure of documents, but rather about

the production, ex post facto, of a report (which can be considered a claim) for the purposes of this case. Such a request cannot be supported, as it is an indirect way of requesting a manifestation of will or knowledge, which is typical of the parties' allegations in the claim, response, or the statement of the party as an evidentiary means. None of these actions or attitudes are supported by the legal framework for preliminary measures, as they belong to the main proceedings, should such proceedings exist in the specific case. ----------------------

Regarding the measures on page 47, those requested in item 29 (pages 47-47 verso) seek the same content, which prevents their approval, as there is a risk of disguising an inadmissible request as one that is admissible, according to Articles 306 and 309 of the CGP cited in the requested proceeding. ------------

As for the measures requested for CNSA in item 30 on page 47 verso, they are admissible only if they involve documents that have already been prepared by the entity in question, which must be provided. -----------------------------------------------

7) In accordance with the provisions of Articles 197 and 198 of Law 16,060, Article 57, paragraph b) of Law 19,920, and Articles 306.3 and 309, section 2 of the CGP, -------------------------

***I RESOLVE:*** ---------------------------------------------------

To acknowledge the representation claimed, to deem the actual domicile as reported, and to establish the electronic procedural domicile, which will be entered into the system. -------------

To notify Navios South America Logistics Sucursal Uruguay with a 15-day deadline ---------------------------------------------

[The following page appears to be identical to the one above.]

As for CNSA, which is incorporated in Uruguay, there is no doubt at this point about the possibility of issuing the required order under the terms to be specified.------------------------

6) As for the measures, some will be excluded (referring to those requested, in accordance with the principle of congruence and the dispositive, which is the culmination of the former). This applies to the measures requested in relation to NSAL and CNSA, with the understanding that, regarding NSAL, it only pertains to the Uruguay Branch. Specifically, items iv) and v), which request "*inform the legal grounds...*", and item vi) on page 47 go beyond the legal reasoning intended to be supported. This is not about the disclosure of documents, but rather about the production, ex post facto, of a report (which can be considered a claim) for the purposes of this case. Such a request cannot be supported, as it is an indirect way of requesting a manifestation of will or knowledge, which is typical of the parties' allegations in the claim, response, or the statement of the party as an evidentiary means. None of these actions or attitudes are supported by the legal framework for preliminary measures, as they belong to the main proceedings, should such proceedings exist in the specific case.----------------------

Regarding the measures on page 47, those requested in item 29 (pages 47-47 verso) seek the same content, which prevents their approval, as there is a risk of disguising an inadmissible request as one that is admissible, according to Articles 306 and 309 of the CGP cited in the requested proceeding.-------------

As for the measures requested for CNSA in item 30 on page 47 verso, they are admissible only if they involve documents that have already been prepared by the entity in question, which must be provided. ------------------------------------------------

7) In accordance with the provisions of Articles 197 and 198 of Law 16,060, Article 57, paragraph b) of Law 19,920, and Articles 306.3 and 309, section 2 of the CGP, -------------------------

***I RESOLVE***: -------------------------------------------------

To acknowledge the representation claimed, to deem the actual domicile as reported, and to establish the electronic procedural domicile, which will be entered into the system. -------------

To notify Navios South America Logistics Sucursal Uruguay (NSAL Sucursal Uruguay) and Corporación Navios SA (CNSA) with a 15-day deadline to provide the documents and disclose the books as requested in item 28 on page 47 (only subitems **i**, **ii**, **iii**, **v** - the first of the two with such numbering, and **vii**), as well as those requested from CNSA in item 30 on page 47 verso (subitems i to vi), under the terms and conditions specified in item 6) of this provision. -----------------------------------------

Assign this matter to the Court Officer for execution and notify the party in full with a copy at the same time. --------------

Notify the requesting party at their address in advance, and once the present order is signed, ensure compliance with the instructions in the preceding paragraphs, keeping it confidential in the system and for the party to be summoned until this order is fulfilled. -----------------------------------------

Dr. Darwin RAMPOLDI ROBAINA ----------------------------------

Judge -----------------------------------------------------------

FOR THE RECORD, I LEAVE THIS PROCEEDING, WHICH I SEAL AND SIGN, IN Montevideo, ON DECEMBER 3, 2024. ---------------------------

Notification No. 448/2024 -------------------------------------

[Illegible signature] -----------------------------------------

MILAGROS RODRÍGUEZ --------------------------------------------

COURT OFFICER -------------------------------------------------

[Illegible signature] -----------------------------------------

AGUSTÍN ROBAINA -----------------------------------------------

[Image of the Uruguayan Coat of Arms] -------------------------

EASTERN REPUBLIC OF URUGUAY -----------------------------------

JUDICIARY -----------------------------------------------------

FOURTEENTH CIVIL COURT OF FIRST INSTANCE ----------------------

(Palacio de los Tribunales) Pasaje de los Derechos Humanos 1309. Montevideo ---------------------------------------------------

Tel. 2908 8897 - 1907 Ext. 8235 -------------------------------

PROCEEDINGS ---------------------------------------------------

Montevideo, December 2, 2024 ----------------------------------

**Notification No. 449/2024** ---------------------------------

To: NAVÍOS SOUTH AMERICAN LOGISTICS SUCURSAL URUGUAY ----------

Address: PARAGUAY 2141, OF. 1603, MONTEVIDEO Montevideo -------

In the case titled: "**PEERS BUSINESS INC c/ NAVÍOS SOUTH AMERICAN LOGISTICS INC y otros -DILIGENCIA PREPARATORIA**" ["PEERS BUSINESS INC v. NAVÍOS SOUTH AMERICAN LOGISTICS INC and others - PRELIMINARY PROCEEDINGS"], IUE 2-94518/2024 -------------------------

According to the provisions in the case file, I hereby notify you of the following: ---------------------------------------

Decree 3781/2024 ORDERS that within 15 days, Navios South America Logistics Sucursal Uruguay (NSAL Sucursal Uruguay) and Corporación Navios S.A. (CNSA) provide the documents and disclose the books requested in items 28 of page 47 (only subitems i, ii, iii, v - the first of the two with such numbering, and vii), as well as those requested from CNSA in item 30 on page 47 verso (subitems i to vi), under the terms and conditions specified in item 6) of this order. (A copy of the filed document, pages 41 to 47, is attached for your reference, and copies of pages 2 to 36 with V [five, 5] Annexes.) I hereby NOTIFY Decree 3781/2024, which arises from this notification. Let it be recorded. -----

Order No. 3781/2024 of November 19, 2024 ---------------------

***WHEREAS:*** -----------------------------------------------------

1) In these proceedings, Peerd [sic] Business INC and Claudio López, both represented by Mariela Ruanova, have appeared requesting, under the provisions of Articles 306.3 and 309 of the CGP, the issuance of preliminary measures against the legal entities identified on page 41, in order to prepare the main proceedings they intend to pursue concerning the liability of the directors of the corporations mentioned, the de facto administrator, and the respective companies, based on the facts and legal grounds set forth in their initial submission, pages 41 to 48. ---------------------------------------------------

2) Briefly states that Peers is a Panamanian company and a minority shareholder of **NSAL**, which is incorporated in the Marshall Islands but whose primary activity is based in Uruguay, with its offices located in a Free Trade Zone (paragraph 3 of

page 41, verso).--------------------------------------------------
Furthermore, Peers' shareholding is 100% owned by Sinimalec S.A. Within NSAL, Peers holds 36.2% of the shareholding, while Ms. Frangou holds 63.8% (through Navios Meritan Holdings) and is the CEO of NSAL.--------------------------------------------------
**CNSA** is a Uruguayan commercial company, with 100% of its shareholding owned by **NSAL** and other companies. Furthermore, 80% of NSAL's revenue and income comes from the activities of CNSA and the Uruguayan companies. NSAL's activities are carried out by subsidiary companies engaged in international transport and the operation of port terminals between Paraguay and Uruguay.-----
It is stated that, with respect to NSAL, Uruguayan courts have jurisdiction and must apply national law. This is based on the provisions of Article 57(a) and (b) of the General Law on Private International Law (LGDIPr). Additionally, there are offices in Montevideo that are a branch, agency, or permanent representation, and Article 197 of Law 16,060 would also apply. This applies even more strongly in the case of CNSA, as it was incorporated in Uruguay.----------------------------------------
As arguments for the measure, it is stated that the directors of NSAL and CNSA carried out financial operations that seriously jeopardized the corporate interest, presented irregularities, lacked transparency, and sought to cause significant harm to Peers, in addition to involving Mr. López in unknown operations that were approved in what is considered to be an abusive manner, while he was still acting as Director. The document further elaborates on each of these points, starting with those

mentioned on page 43 verso, concerning a subordinated loan convertible into NSAL shares and the rationale for repaying debts owed by NSAL and Navios Logistics. It specifies the amounts of the commercial loans (page 44) and addresses other related matters, noting the requested information that was not provided (page 45). ---------------------------------------------------

It is alleged that there were irregularities in the management of the company's affairs, including the removal of co-actor Mr. López from the Board, the signing of the subordinated loan, the delegation of authority to the NSAL Conflict Committee—whose members are accused of lacking impartiality—and the execution of a joint and several guarantee agreement on first demand for 300 million dollars for the debt assumed by CNSA with HCOB as the Agent Bank. ---------------------------------------------

It concludes by stating that, due to the lack of information on the referenced operations and the removal, documentation should be provided as established in Articles 306 and 309 of the CGP to identify and complete the necessary data for initiating the corporate responsibility actions the claimant intends to pursue. The measures are outlined in paragraphs 28 to 30 on pages 47 to 47 verso. -----------------------------------------------

3) Before recognizing the legal representation as established, the case files were forwarded to the Clerk's Office for the corresponding notarial review, resulting in Reports No. 250/2024 on page 50, No. 272/2024 on page 130, and No. 305/2024 on page 140. -----------------------------------------------------

4) Based on the reasons that will be indicated, the requested

measure will be granted with the exceptions mentioned below.--

5) Regarding the court's jurisdiction and competence, certain aspects may be subject to dispute, as the headquarters or agency in question is located within a Free Trade Zone. This location does not necessarily indicate involvement in the national market, given the tax exemptions associated with the headquarters' location and its business operations. Additionally, NSAL is established abroad, as indicated and duly proven, with its registered address in the Marshall Islands.------------------------

Notwithstanding the above, and without delving into substantive matters that could justify a later review of this decision based on new evidence presented, as well as taking into account the procedural conduct of the parties to determine the imposition of costs and expenses where applicable, the arguments presented, grounded in Article 57(b) and Articles 197 and 198 of Law 16,060, appear sufficient at this stage, level, and status to address the matter, justifying the appearance and the request for measures concerning NSAL Uruguay Branch and CNSA.-------------

Regarding the parent company, or NSAL (Navios South American Logistics INC), it does not seem feasible, as the entity operating within the national territory is, in any case, NSAL Sucursal Uruguay. Therefore, with respect to the branch, it is possible to order the measure to be detailed.---------------------

As for CNSA, which is incorporated in Uruguay, there is no doubt at this point about the possibility of issuing the required order under the terms to be specified.------------------------

6) As for the measures, some will be excluded (referring to

those requested, in accordance with the principle of congruence and the dispositive, which is the culmination of the former). This applies to the measures requested in relation to NSAL and CNSA, with the understanding that, regarding NSAL, it only pertains to the Uruguay Branch. Specifically, items iv) and v), which request "*inform the legal grounds...*", and item vi) on page 47 go beyond the legal reasoning intended to be supported. This is not about the disclosure of documents, but rather about the production, ex post facto, of a report (which can be considered a claim) for the purposes of this case. Such a request cannot be supported, as it is an indirect way of requesting a manifestation of will or knowledge, which is typical of the parties' allegations in the claim, response, or the statement of the party as an evidentiary means. None of these actions or attitudes are supported by the legal framework for preliminary measures, as they belong to the main proceedings, should such proceedings exist in the specific case. ----------------------

Regarding the measures on page 47, those requested in item 29 (pages 47-47 verso) seek the same content, which prevents their approval, as there is a risk of disguising an inadmissible request as one that is admissible, according to Articles 306 and 309 of the CGP cited in the requested proceeding. ------------

As for the measures requested for CNSA in item 30 on page 47 verso, they are admissible only if they involve documents that have already been prepared by the entity in question, which must be provided. -------------------------------------------------

7) In accordance with the provisions of Articles 197 and 198 of

Law 16,060, Article 57, paragraph b) of Law 19,920, and Articles 306.3 and 309, section 2 of the CGP,--------------------------

***I RESOLVE***:-----------------------------------------------------

*To acknowledge the representation claimed, to deem the actual domicile as reported, and to establish the electronic procedural domicile, which will be entered into the system.*--------------

*To notify Navios South America Logistics Sucursal Uruguay (NSAL Sucursal Uruguay) and Corporación Navios SA (CNSA) with a 15-day deadline to provide the documents and disclose the books as requested in item 28 on page 47 (only subitems **i, ii, iii, v** - the first of the two with such numbering, and **vii**), as well as those requested from CNSA in item 30 on page 47 verso (subitems i to vi), under the terms and conditions specified in item 6) of this provision.*------------------------------------------

*Assign this matter to the Court Officer for execution and notify the party in full with a copy at the same time.*---------------

*Notify the requesting party at their address in advance, and once the present order is signed, ensure compliance with the instructions in the preceding paragraphs, keeping it confidential in the system and for the party to be summoned until this order is fulfilled.*-------------------------------------------

Dr. Darwin RAMPOLDI ROBAINA-----------------------------------

Judge----------------------------------------------------------

FOR THE RECORD, I LEAVE THIS PROCEEDING, WHICH I SEAL AND SIGN, IN Montevideo, ON DECEMBER 3, 2024.---------------------------

Notification No. 449/2024--------------------------------------

[Illegible signature]-----------------------------------------

MILAGROS RODRÍGUEZ ------------------------------------------

COURT OFFICER -----------------------------------------------

[Illegible signature] ---------------------------------------

AGUSTÍN ROBAINA ---------------------------------------------

**Agustín Robaina** ---------------------------------------------

**Navios South American Logistics** ------------------------------

[Pages 2 through 12 feature a QR code, the link https://validaciones.poderjudicial.gub.uy, and two different Electronic Validation Codes (CVE numbers) at the bottom. The original numbering of the physical documents is also visible in the scans at the bottom-right corner.] ------------------------------------

I, the undersigned Public Translator, hereby certify that the foregoing is a complete and faithful translation into English of the document written in Spanish which I had before me (PDF titled "Peers intimacion").A physical copy of the document is attached hereto for reference. A copy of this translation is filed in my register under No. 126/2024. Montevideo, December 23, 2024. ---------------------------------------------------

[Signature]
TRIJNTJE EISSES
Traductora Pública

MONTEVIDEO 26 NOV 2024
EN LA FECHA SOFÍA MARTÍNEZ, POR PARTE ACTORA, APORTA 2 JUEGOS DE COPIAS PARA NOTIFICAR, LAS CUALES PERMANECEN EN CARÁTULA.

Montevideo 27/11/2024
Se libro ced. electrónica 1945

2 DIC 2024

Montevideo..........de..........de..........
Notifiqué a Andrés Tiscornia (fs. 48).
por la parte ACTORA de la providencia Nº 3841/2024.
de fecha 26/11/2024
quien firma.- y consiente la misma

Andrés Tiscornia

Mdeo, 2/12/2024.
Pasan los autos a la Sra. Alguacil.

Montevideo, 2.12.2024
A la Señora Alguacil (Nº 252)

Scanned with CamScanner



151

REPÚBLICA ORIENTAL DEL URUGUAY
PODER JUDICIAL

JUZGADO LETRADO DE PRIMERA INSTANCIA
EN LO CIVIL DE 14º TURNO
(Palacio de los Tribunales) Pasaje de los Derechos Humanos 1309.- - Montevideo
Tel. 2908 8897 - 1907 Int. 8235

Poder Judicial República Oriental del Uruguay

# ACTUACION

Montevideo, 2 de Diciembre de 2024

**Cedulón Nº 448/2024**

Sr./a. CORPORACIÓN NAVÍOS S.A
Dirección: PARAGUAY 2141, OF. 1603 , MONTEVIDEO Montevideo

En autos caratulados: " **PEERS BUSINESS INC c/ NAVÍOS SOUTH AMERICAN LOGISTICS INC y otros - DILIGENCIA PREPARATORIA"** IUE: 2-94518/2024

Y según lo dispuesto en autos, Intimo a Ud.

Dcto 3781/2024 INTIMO con plazo de 15 días a Navíos South America Logistics Sucursal Uruguay (NSAL Sucursal Uruguay) y a Corporación Navíos SA (CNSA) a aportar los documentos y realizar la exhibición de los libros que fue solicitada en los numerales 28 de fs. 47 (unicamente subliterales i, ii, iii, v -el primero de los dos con dicha numeración-, y vii), así como los requeridos a CNSA en el numeral 30 de fs. 47vto (subliterales i a vi) en los términos y condiciones expresadas en el numeral 6) que antecede de ésta providencia. (Se adjunta copia de escrito foliada a sus efectos desde fjs 41 a 47) , ( y copias de fjs 2 a 36 con V anexos). NOTIFICO Dcto 3781/2024 el cual surge del presente cedulón. Conste.

Providencia
Nro. 3781/2024 del 19 de Noviembre de 2024

***VISTOS Y CONSIDERANDO:***

1) Que en las presentes actuaciones compareció Peerd Business INC, y Claudio López por sí, ambos representados por Mariela Ruanova, solicitando al amparo de lo dispuesto por el art. 306.3 y 309 del CGP sendas medidas preparatorias contra las personas jurídicas que individualiza a fs. 41, a fin de preparar el proceso principal que

Scanned with
CamScanner

anuncia respecto de la responsabilidad de los directores de las sociedades comerciales que indica, administradora de hecho y las respectivas sociedades, en base a las razones de hecho y de derecho que alega en su escrito inicial de fs. 41 a 48.

2) Sucintamente expresa que Peers es una sociedad panameña, y es accionista minoritario de **NSAL**, que está constituida en Islas Marshall pero cuya actividad principal radica en Uruguay, estando sus oficinas en Zona Franca (numeral 3 de fs. 41vto).

A su vez, el paquete accionario de Peers es 100% de Sinimalec S.A. A su vez, dentro de NSAL son accionistas Peers con el 36,2% del paquete accionario, la Sra. Frangou con el 63,8% (a través de Navíos Meritan Holdings) y es la presidenta ejecutiva de NSAL.

Luego, **CNSA** es una sociedad comercial uruguaya, y el 100% de su paquete accionario es de **NSAL** y otras sociedades. A su vez, el 80% de los ingresos y facturación de NSAL es por la actividad de CNSA y las sociedades uruguayas. Y la actividad de NSAL es realizada por empresas subsidiarias vinculadas al transporte internacional y explotación de terminales portuarias entre Paraguay y Uruguay.

Señala que respecto de NSAL son competentes los tribunales uruguayos y deben aplicar la normativa nacional. Ello lo finca en lo dispuesto en el art. 57 literales a) y b) de la Ley general de derecho internacional privado (LGDIPr). Asimismo, existe en el caso oficinas en Montevideo que son una sucursal, agencia o representación permanente, y por otro lado sería aplicable el art. 197 de la Ley 16.060. Con mayor razón procede en el caso de CNSA en tanto fue constituida en Uruguay.

Como argumentos de la medida expresa que los directores de NSAL y CNSA realizaron operaciones financieras que pusieron en grave riesgo el interés social, presentan irregularidades, son poco transparentes y procuran ocasionar importantes daños a Peers además de involucrar al Sr. López en operaciones desconocidas y aprobadas en lo que entiende abusivamente, mientras aún actuaba como Director. Luego se explaya sobre cada uno de los puntos, comenzando por lo señalado a fs. 43vto, sobre un prestamo subordinado convertible en acciones de NSAL así como la razón del repago de adeudos de NSAL y Navios Logistics, indicando montos de los prestamos comerciales (fs. 44) y demás cuestiones expresadas, dando cuenta de las solicitudes de información requeridas y que no fueron respondidas (fs. 45).

Expresa lo que entiende son irregularidades en la gestión de los negocios sociales, en cuanto a la remoción del co-actor Lopez del Directorio, la suscripción del préstamo




152

subordinado, la delegación en el comité de Conflicto de NSAL cuyos miembros imputa falta de imparcialidad, así como la suscripción de un contrato de garantía solidaria a primera demanda por 300 millones de dólares por la deuda asumida por CNSA ante HCOB en su calidad de Banco Agente.

Poder Judicial República Oriental del Uruguay

Concluye expresando que ante la falta de información de las operaciones referidas y la remoción acaecida, deberá aportarse documentación al tenor de lo establecido en los arts. 306 y 309 del CGP para determinar y completar los datos necesarios para el inicio de las acciones sociales de responsabilidad que indica pretenderá.

Las medidas son articuladas en los numerales 28 a 30 de fs. 47 a 47vto.

3) Que previo a tener por acreditara la personería, los autos fueron pasados a la Oficina Actuaria para el control notarial correspondiente, de todo lo cual resultan los informes Nº 250/2024 de fs. 50, 272/2024 de fs. 130 y 305/2024 de fs. 140.

4) Que en función de las razones que se habrá de indicar, se hará lugar a la medida requerida con las excepciones que seguidamente se mencionan.

5) En cuanto a la competencia y jurisdicción del tribunal, existen puntos que pueden ser controvertidos, dado que la sede o agencia referida se encuentra en una Zona Franca y por tanto no supone que se realicen actividades en el mercado nacional, en función de las exoneraciones tributarias vinculadas al lugar de radicación de la Sede correspondiente y el flujo de negocios. Asimismo, se encuentra constituida en el extranjero NSAL, como se indica y resulta acreditado, con su domicilio en Islas Marshall.

Sin perjuicio de lo dicho y más allá de no ingresar en cuestiones de mérito que permiten fácilmente rever la medida que se adopta en función de nuevos elementos que se aporten, así como la incidencia de la conducta procesal de las partes para disponer las condenaciones respectivas de las costas y los costos, cuando las hipótesis dieran mérito para ello, las razones alegadas fincadas en lo establecido en el art. 57 literal b y arts. 197 y 198 de la Ley 16.060 parecen suficientes en esta instancia, grado y estado para poder analizar consecuencialmente la cuestión que amerita la comparecencia y solicitud de medidas respecto a NSAL Sucursal Uruguay y CNSA.

Respecto de la casa matriz, o sociedad comercial NSAL (Navíos South American Logistics INC) no parece posible, pues la que actúa en territorio nacional, en todo caso y con lo dicho precedentemente, es NSAL sucursal Uruguay y por tanto con respecto a ésta es posible disponer la medida que se indicará.





En relación a CNSA constituida en Uruguay, no caben dudas, ahora, sobre la posibilidad de ser intimada en los términos que se dirán.

6) En cuanto a las medidas, algunas de ellas serán excluidas (refiriéndome a las que son solicitadas, naturalmente, en función del principio de congruencia y del dispositivo que es el cenit del primero), dado que las requeridas con relación a NSAL y CNSA, contemplando que respecto de la primera alcanza solo a la Sucursal Uruguay, el numeral iv), v) que indica "*se informe los fundamentos jurídicos...*", y vi) de fs. 47 exhorbitan la propia fundamentación normativa que pretende sea cobijada bajo la misma, ya que no se trata de exhibición de documentos sino de producción, *ex post facto* y a los efectos de esta causa, de una especie de informe de parte (que puede perfectamente considerarse una alegación) que no puede ser amparada por ser una forma oblicua de ejercer un acto por el que se pide una manifestación de voluntad o de conocimiento, propio de los actos de alegación de las partes correspondientes a la demanda, la contestación o la propia declaración de parte como medio probatorio. Ninguna de esos actos o actitudes resultan amparados en la normativa de las medidas preparatorias, sino que son propias del proceso principal, si el mismo tuviera virtualidad de existir en el caso concreto.

Dicho lo que antecede con relación a las medidas de fs. 47, las requeridas en el numeral 29 de fs. 47-47vto están teñidas del mismo contenido pretendido, por lo que se ve obturada la posibilidad de dispensarlas, so riesgo de encubrir bajo un requerimiento admisible otro que no lo es al tenor de lo establecido en los arts. 306 y 309 del CGP invocados en la diligencia requerida.

En cuanto a las medidas requeridas de CNSA del numeral 30 de fs. 47vto, resultan admisibles siempre que se trate de documentos ya confeccionados por dicha intimada, los que deberán aportarse.

7) De conformidad con lo establecido por los arts. 197 y 198 de la Ley 16.060, art. 57 lit. b) de la Ley 19.920, y arts. 306.3 y 309 num 2º del CGP

***RESUELVO:***

*Téngase por acreditada la representación invocada, por denunciado el domicilio real y constituido el procesal electrónico, el que se ingresará al sistema.*

*Intímase con plazo de 15 días a Navíos South America Logistics Sucursal Uruguay*

Scanned with CamScanner



En relación a CNSA constituida en Uruguay, no caben dudas, ahora, sobre la posibilidad de ser intimada en los términos que se dirán.

6) En cuanto a las medidas, algunas de ellas serán excluidas (refiriéndome a las que son solicitadas, naturalmente, en función del principio de congruencia y del dispositivo que es el cenit del primero), dado que las requeridas con relación a NSAL y CNSA, contemplando que respecto de la primera alcanza solo a la Sucursal Uruguay, el numeral iv), v) que indica "*se informe los fundamentos jurídicos...*", y vi) de fs. 47 exhorbitan la propia fundamentación normativa que pretende sea cobijada bajo la misma, ya que no se trata de exhibición de documentos sino de producción, *ex post facto* y a los efectos de esta causa, de una especie de informe de parte (que puede perfectamente considerarse una alegación) que no puede ser amparada por ser una forma oblicua de ejercer un acto por el que se pide una manifestación de voluntad o de conocimiento, propio de los actos de alegación de las partes correspondientes a la demanda, la contestación o la propia declaración de parte como medio probatorio. Ninguna de esos actos o actitudes resultan amparados en la normativa de las medidas preparatorias, sino que son propias del proceso principal, si el mismo tuviera virtualidad de existir en el caso concreto.

Dicho lo que antecede con relación a las medidas de fs. 47, las requeridas en el numeral 29 de fs. 47-47vto están teñidas del mismo contenido pretendido, por lo que se ve obturada la posibilidad de dispensarlas, so riesgo de encubrir bajo un requerimiento admisible otro que no lo es al tenor de lo establecido en los arts. 306 y 309 del CGP invocados en la diligencia requerida.

En cuanto a las medidas requeridas de CNSA del numeral 30 de fs. 47vto, resultan admisibles siempre que se trate de documentos ya confeccionados por dicha intimada, los que deberán aportarse.

7) De conformidad con lo establecido por los arts. 197 y 198 de la Ley 16.060, art. 57 lit. b) de la Ley 19.920, y arts. 306.3 y 309 num 2º del CGP

***RESUELVO:***

*Téngase por acreditada la representación invocada, por denunciado el domicilio real y constituido el procesal electrónico, el que se ingresará al sistema.*

*Intímase con plazo de 15 días a Navíos South America Logistics Sucursal Uruguay*

Scanned with CamScanner

153

*(NSAL Sucursal Uruguay) y a Corporación Navíos SA (CNSA) a aportar los documentos y realizar la exhibición de los libros que fue solicitada en los numerales 28 de fs. 47 (unicamente subliterales **I, II, III, v** -el primero de los dos con dicha numeración-, y **vii**), así como los requeridos a CNSA en el numeral 30 de fs. 47vto (subliterales i a vi) en los términos y condiciones expresadas en el numeral 6) que antecede de ésta providencia.*

*Cométase a la Sra. Alguacil de la Sede a sus efectos y en el mismo acto notifíquese en forma completa con copia.*

*Notifíquese a domicilio en forma previa a la parte gestionante y firme la presente, cúmplase con lo ordenado en los párrafos precedentes, manteniéndose en reserva en el sistema y para la parte a intimar hasta que se cumpla la presente.*

Dr. Darwin RAMPOLDI ROBAINA
Juez Letrado

PARA CONSTANCIA, DEJO LA PRESENTE ACTUACIÓN QUE SELLO Y FIRMO EN Montevideo, EL 3 DE DICIEMBRE DE 2024

Cedulón Nº 448/2024

MILAGROS RODRIGUEZ
ALGUACIL.

AGUSTÍN ROBAINA.






154

REPÚBLICA ORIENTAL DEL URUGUAY
PODER JUDICIAL

JUZGADO LETRADO DE PRIMERA INSTANCIA
EN LO CIVIL DE 14º TURNO
(Palacio de los Tribunales) Pasaje de los Derechos Humanos 1309.- - Montevideo
Tel. 2908 8897 - 1907 Int. 8235

## ACTUACION

Montevideo, 2 de Diciembre de 2024

**Cedulón Nº 449/2024**

Sr./a. NAVÍOS SOUTH AMERICAN LOGISTICS SUCURSAL URUGUAY
Dirección: PARAGUAY 2141, OF. 1603 , MONTEVIDEO Montevideo

En autos caratulados: " **PEERS BUSINESS INC c/ NAVÍOS SOUTH AMERICAN LOGISTICS INC y otros - DILIGENCIA PREPARATORIA**" IUE: 2-94518/2024

Y según lo dispuesto en autos, Intimo a Ud.

Dcto 3781/2024 INTIMO con plazo de 15 días a Navíos South America Logistics Sucursal Uruguay (NSAL Sucursal Uruguay) y a Corporación Navíos SA (CNSA) a aportar los documentos y realizar la exhibición de los libros que fue solicitada en los numerales 28 de fs. 47 (unicamente subliterales i, ii, iii, v -el primero de los dos con dicha numeración-, y vii), así como los requeridos a CNSA en el numeral 30 de fs. 47vto (subliterales i a vi) en los términos y condiciones expresadas en el numeral 6) que antecede de ésta providencia. (Se adjunta copia de escrito foliada a sus efectos desde fjs 41 a 47) , ( y copias de fjs 2 a 36 con V anexos). NOTIFICO Dcto 3781/2024 el cual surge del presente cedulón. Conste.

Providencia
Nro. 3781/2024 del 19 de Noviembre de 2024

***VISTOS Y CONSIDERANDO:***

1) Que en las presentes actuaciones compareció Peerd Business INC, y Claudio López por sí, ambos representados por Mariela Ruanova, solicitando al amparo de lo dispuesto por el art. 306.3 y 309 del CGP sendas medidas preparatorias contra las personas jurídicas que individualiza a fs. 41, a fin de preparar el proceso principal que



anuncia respecto de la responsabilidad de los directores de las sociedades comerciales que indica, administradora de hecho y las respectivas sociedades, en base a las razones de hecho y de derecho que alega en su escrito inicial de fs. 41 a 48.

2) Sucintamente expresa que Peers es una sociedad panameña, y es accionista minoritario de **NSAL**, que está constituida en Islas Marshall pero cuya actividad principal radica en Uruguay, estando sus oficinas en Zona Franca (numeral 3 de fs. 41vto).

A su vez, el paquete accionario de Peers es 100% de Sinimalec S.A. A su vez, dentro de NSAL son accionistas Peers con el 36,2% del paquete accionario, la Sra. Frangou con el 63,8% (a través de Navíos Meritan Holdings) y es la presidenta ejecutiva de NSAL.

Luego, **CNSA** es una sociedad comercial uruguaya, y el 100% de su paquete accionario es de **NSAL** y otras sociedades. A su vez, el 80% de los ingresos y facturación de NSAL es por la actividad de CNSA y las sociedades uruguayas. Y la actividad de NSAL es realizada por empresas subsidiarias vinculadas al transporte internacional y explotación de terminales portuarias entre Paraguay y Uruguay.

Señala que respecto de NSAL son competentes los tribunales uruguayos y deben aplicar la normativa nacional. Ello lo finca en lo dispuesto en el art. 57 literales a) y b) de la Ley general de derecho internacional privado (LGDIPr). Asimismo, existe en el caso oficinas en Montevideo que son una sucursal, agencia o representación permanente, y por otro lado sería aplicable el art. 197 de la Ley 16.060. Con mayor razón procede en el caso de CNSA en tanto fue constituida en Uruguay.

Como argumentos de la medida expresa que los directores de NSAL y CNSA realizaron operaciones financieras que pusieron en grave riesgo el interés social, presentan irregularidades, son poco transparentes y procuran ocasionar importantes daños a Peers además de involucrar al Sr. López en operaciones desconocidas y aprobadas en lo que entiende abusivamente, mientras aún actuaba como Director. Luego se explaya sobre cada uno de los puntos, comenzando por lo señalado a fs. 43vto, sobre un prestamo subordinado convertible en acciones de NSAL así como la razón del repago de adeudos de NSAL y Navios Logistics, indicando montos de los prestamos comerciales (fs. 44) y demás cuestiones expresadas, dando cuenta de las solicitudes de información requeridas y que no fueron respondidas (fs. 45).

Expresa lo que entiende son irregularidades en la gestión de los negocios sociales, en cuanto a la remoción del co-actor Lopez del Directorio, la suscripción del préstamo



Scanned with
CamScanner



Poder Judicial
República Oriental del Uruguay

subordinado, la delegación en el comité de Conflicto de NSAL cuyos miembros imputa falta de imparcialidad, así como la suscripción de un contrato de garantía solidaria a primera demanda por 300 millones de dólares por la deuda asumida por CNSA ante HCOB en su calidad de Banco Agente.

Concluye expresando que ante la falta de información de las operaciones referidas y la remoción acaecida, deberá aportarse documentación al tenor de lo establecido en los arts. 306 y 309 del CGP para determinar y completar los datos necesarios para el inicio de las acciones sociales de responsabilidad que indica pretenderá.

Las medidas son articuladas en los numerales 28 a 30 de fs. 47 a 47vto.

3) Que previo a tener por acreditara la personería, los autos fueron pasados a la Oficina Actuaria para el control notarial correspondiente, de todo lo cual resultan los informes Nº 250/2024 de fs. 50, 272/2024 de fs. 130 y 305/2024 de fs. 140.

4) Que en función de las razones que se habrá de indicar, se hará lugar a la medida requerida con las excepciones que seguidamente se mencionan.

5) En cuanto a la competencia y jurisdicción del tribunal, existen puntos que pueden ser controvertidos, dado que la sede o agencia referida se encuentra en una Zona Franca y por tanto no supone que se realicen actividades en el mercado nacional, en función de las exoneraciones tributarias vinculadas al lugar de radicación de la Sede correspondiente y el flujo de negocios. Asimismo, se encuentra constituida en el extranjero NSAL, como se indica y resulta acreditado, con su domicilio en Islas Marshall.

Sin perjuicio de lo dicho y más allá de no ingresar en cuestiones de mérito que permiten fácilmente rever la medida que se adopta en función de nuevos elementos que se aporten, así como la incidencia de la conducta procesal de las partes para disponer las condenaciones respectivas de las costas y los costos, cuando las hipótesis dieran mérito para ello, las razones alegadas fincadas en lo establecido en el art. 57 literal b y arts. 197 y 198 de la Ley 16.060 parecen suficientes en esta instancia, grado y estado para poder analizar consecuencialmente la cuestión que amerita la comparecencia y solicitud de medidas respecto a NSAL Sucursal Uruguay y CNSA.

Respecto de la casa matriz, o sociedad comercial NSAL (Navíos South American Logistics INC) no parece posible, pues la que actúa en territorio nacional, en todo caso y con lo dicho precedentemente, es NSAL sucursal Uruguay y por tanto con respecto a ésta es posible disponer la medida que se indicará.





En relación a CNSA constituida en Uruguay, no caben dudas, ahora, sobre la posibilidad de ser intimada en los términos que se dirán.

6) En cuanto a las medidas, algunas de ellas serán excluidas (refiriéndome a las que son solicitadas, naturalmente, en función del principio de congruencia y del dispositivo que es el cenit del primero), dado que las requeridas con relación a NSAL y CNSA, contemplando que respecto de la primera alcanza solo a la Sucursal Uruguay, el numeral iv), v) que indica "*se informe los fundamentos jurídicos...*", y vi) de fs. 47 exhorbitan la propia fundamentación normativa que pretende sea cobijada bajo la misma, ya que no se trata de exhibición de documentos sino de producción, *ex post facto* y a los efectos de esta causa, de una especie de informe de parte (que puede perfectamente considerarse una alegación) que no puede ser amparada por ser una forma oblicua de ejercer un acto por el que se pide una manifestación de voluntad o de conocimiento, propio de los actos de alegación de las partes correspondientes a la demanda, la contestación o la propia declaración de parte como medio probatorio. Ninguna de esos actos o actitudes resultan amparados en la normativa de las medidas preparatorias, sino que son propias del proceso principal, si el mismo tuviera virtualidad de existir en el caso concreto.

Dicho lo que antecede con relación a las medidas de fs. 47, las requeridas en el numeral 29 de fs. 47-47vto están teñidas del mismo contenido pretendido, por lo que se ve obturada la posibilidad de dispensarlas, so riesgo de encubrir bajo un requerimiento admisible otro que no lo es al tenor de lo establecido en los arts. 306 y 309 del CGP invocados en la diligencia requerida.

En cuanto a las medidas requeridas de CNSA del numeral 30 de fs. 47vto, resultan admisibles siempre que se trate de documentos ya confeccionados por dicha intimada, los que deberán aportarse.

7) De conformidad con lo establecido por los arts. 197 y 198 de la Ley 16.060, art. 57 lit. b) de la Ley 19.920, y arts. 306.3 y 309 num 2º del CGP

***RESUELVO:***

*Téngase por acreditada la representación invocada, por denunciado el domicilio rea y constituido el procesal electrónico, el que se ingresará al sistema.*

*Intímase con plazo de 15 días a Navíos South America Logistics Sucursal Urugua*

Scanned with CamScanner

156

TRIJNTJ
Traducto

(NSAL Sucursal Uruguay) y a Corporación Navíos SA (CNSA) a aportar los documentos y realizar la exhibición de los libros que fue solicitada en los numerales 28 de fs. 47 (unicamente subliterales **i, ii, iii, v** -el primero de los dos con dicha numeración-, y **vii**), así como los requeridos a CNSA en el numeral 30 de fs. 47vto (subliterales i a vi) en los términos y condiciones expresadas en el numeral 6) que antecede de ésta providencia.

Cométase a la Sra. Alguacil de la Sede a sus efectos y en el mismo acto notifíquese en forma completa con copia.

Notifíquese a domicilio en forma previa a la parte gestionante y firme la presente, cúmplase con lo ordenado en los párrafos precedentes, manteniéndose en reserva en el sistema y para la parte a intimar hasta que se cumpla la presente.

Dr. Darwin RAMPOLDI ROBAINA
Juez Letrado

PARA CONSTANCIA, DEJO LA PRESENTE ACTUACIÓN QUE SELLO Y FIRMO EN Montevideo, EL 3 DE Diciembre DE 2024

Cedulón Nº 449/2024

Milagros Rodríguez
Alguacil

Agustín Robaina

**Agustín Robaina**
Navios South American Logistics

TRIJNTJE EISSES
TRADUCTORA PÚBLICA
TRAD. Nº 126/2024
Cel: 098 571 353
E-mail: trijntjeeisses@gmail.com
Montevideo - Uruguay

