# EXHIBIT 1

CARLSMITH BALL LLP
ARSIMA A. MULLER
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
amuller@carlsmith.com

Attorneys for Defendants
CLAUDIO PABLO LOPEZ AND
CARLOS AUGUSTO LOPEZ

IN THE HIGH COURT

REPUBLIC OF THE MARSHALL ISLANDS

| | |
|---|---|
| NAVIOS SOUTH AMERICAN LOGISTICS INC., a Republic of the Marshall Islands Corporation<br><br>Plaintiff,<br><br>vs.<br><br>CLAUDIO PABLO LOPEZ AND CARLOS AUGUSTO LOPEZ.<br><br>Defendants. | CIVIL ACTION NO. 2024-01839<br><br>DEFENDANTS' RESPONSE TO COURT ORDER RE JANUARY 10 AND 13 UPDATES ; EXHIBITS 18 - 20; CERTIFICATE OF SERVICE |

**DEFENDANTS' RESPONSE TO COURT ORDER RE JANUARY 10 AND 13 UPDATES**

Pursuant to the Court's Order Re January 10 and 13 Updates filed herein on January 14, 2025, Defendants Claudio Pablo Lopez and Carlos Augusto Lopez ("Defendants" or the "Lopezes") hereby submit a factual and procedural background for the Court's use. The following includes information requested by the Court in its Order, including updates since Defendants' January 13th submission, efforts to keep information obtained under the subpoenas confidential, and efforts to serve the Complaint on Defendants. The following supports a grant of *Defendants' Emergency Motion to Confirm Stay of Discovery and for Temporary Restraining*

4921-1172-1743.2

*Order* filed on January 3, 2025 ("Motion for TRO"), as Plaintiff Navios South American Logistics Inc. ("Plaintiff" or "NSAL") continues to aggressively pursue discovery in New York in violation of MIRCP Rule 26(d)(1), while doing absolutely nothing to seek interim relief from this Court or progress the underlying substantive case that provides the basis for its requests for discovery in New York.

Regarding the irreparable harm faced in New York, Defendants are simply asking that this Court confirm the discovery limitation in MIRCP Rule 26(d)(1) and maintain the status quo to allow Defendants to exercise their objection rights in the RMI and New York. The speed with which Plaintiff is pushing for subpoena responses in New York is calculated to deprive Defendants of their due process rights by obtaining Defendants' sensitive banking information before even serving the Complaint on Defendants and allowing Defendants an opportunity to respond to the Complaint.

As Defendants have previously detailed, there are two pending proceedings in New York: the State Court Action and the Federal Court Action. Defendants have obtained a short, temporary stay in Federal Court, which could be lifted after Defendants' motion to vacate is fully briefed on January 24, 2025. In the State Court Action, absent a restraining order from this Court, Defendants face irreparable harm by virtue of the New York State temporary orders of attachment of Defendants' purported bank accounts, which orders include information demands regarding those accounts. The motions in the State Court Action (including Defendants' motion to vacate the attachments) will not be fully submitted to the judge until February 4, 2025. In the interim, the accounts are frozen, and there is no stay in place of the discovery sought with respect to Defendants' accounts. Not only can the accounts not be accessed, but Plaintiff can abuse the information portion of the subpoena to circumvent the federal stay. Defendants respectfully

submit that an order of this Court confirming the discovery limitation in MIRCP Rule 26(d)(1) and maintaining the status quo pending a decision on Defendants' Motion to Dismiss will serve the interests of justice and prevent potentially conflicting orders from the various cases.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a non-resident domestic company registered to do business in the Marshall Islands. Compl., ¶ 17.

Defendant Claudio Pablo Lopez ("Claudio") is a resident of Paraguay. *See* Declaration of Claudio Pablo Lopez ("Claudio Decl."), attached to Defendants' Motion to Dismiss, at ¶5. Claudio has never lived in the Republic. *See id.* at ¶7. He owns no real estate and no financial accounts in the Republic. *See id.* at ¶¶8-9. He has never even travelled to the Republic. *See id.* at ¶ 11. In 2008, Claudio was employed by Plaintiff pursuant to a written Employment Agreement to serve as Chief Executive Officer and was appointed as a member and Vice-President of the Board of Directors, in a non-executive capacity. *See id.* at ¶1. Plaintiff terminated Claudio's employment, without cause, in August 2024. *See id.* Claudio's Employment Agreement was subject to the laws of Uruguay. *See* Ex. 1 to Claudio Decl., at p. 8.

Defendant Carlos Augusto Lopez ("Carlos") is a resident of Paraguay. *See* Declaration of Carlos Augusto Lopez ("Carlos Decl."), attached to Motion to Dismiss, at ¶5. Carlos has never lived in the Republic. *See id.* at ¶7. He owns no real estate and no financial accounts in the Republic. *See id.* at ¶¶8-9. He has never even travelled to the Republic. *See id.* at ¶ 11. In 2008, Carlos was employed by Plaintiff pursuant to a written Employment Agreement to serve as Chief Commercial Officer (Shipping Division) and was appointed to serve as a member of the Board of Directors, in a non-executive capacity. *See id.* at ¶1. Carlos resigned from his

employment with Plaintiff in 2022.  *See id.*  Carlos' Employment Agreement was subject to the laws of Uruguay.  *See* Ex. 1 to Carlos Decl., at p. 8.

Plaintiff's executive offices are located at Aguada Park Free Zone, Paraguay 2141, Of. 1603 Montevideo, Uruguay.  *See* Ex 2 to Claudio Decl. and Ex. 2 to Carlos Decl. (Plaintiff's U.S. Securities & Exchange Commission Registration Statement for the year ending December 31, 2023, hereinafter the "SEC Registration Statement"), at p. 1 and p. 39, Item 4 A.  Plaintiff also maintains offices in Buenos Aires, Argentina, Asuncion, Paraguay, and Corumbia, Brazil.  *See id.* at 39.  Plaintiff conducts business exclusively in the Hidrovia Region of South America ("Hidrovia" is a regional waterways agreement between the countries of Argentina, Uruguay, Paraguay and Brasil).  *See id.*  The business address for Plaintiff's directors and executive officers is Aguada Park Free Zone, Paraguay 2141, Ofc. 1603, Montevideo Uruguay.  *See id.*, p. 83, Item 6 A.  Consistent with the RMI Business Corporations Act, 52 MIRC Chapter 2, Plaintiff conducts no business in the Republic.  *See* Claudio Decl., ¶15 and Carlos Decl., ¶15.  Plaintiff's own Website and SEC filings confirm that its directors and executive officers are located in Montevideo, Uruguay.  *See* Ex. 3 to Claudio Decl. and Ex. 3 to Carlos Decl. (Plaintiff's Website, https://navioslogistics.com/, posting SEC filings reporting NSAL's executive offices to be in Uruguay).

    A.    <u>URUGUAYAN ACTION</u>

On October 2, 2024, Defendants filed a suit against Plaintiff and related parties in Uruguay.  *See* Declaration of Anne W. Salisbury, Esq., in Support of Defendants' Emergency Motion to Confirm Stay of Discovery and for Temporary Restraining Order ("Salisbury Decl.") at ¶3.  The case in Uruguay was served on Plaintiff on December 3, 2024.  *See id.* at ¶4.

    B.    <u>RMI ACTION</u>

On November 27, 2024, Plaintiff filed the Complaint in the present action. To date, the Complaint has not been served on Defendants and Plaintiff has not requested an Order for alternative service.

On January 3, 2025 (RMI date), in a telephone call between Plaintiff's New York counsel, Elliott Williams, and Defendants' New York counsel, Anne Salisbury, Mr. Williams asked if Defendants' counsel would accept service of the Complaint if Plaintiff stipulated to allow intervention in the Federal Court Action. This was the same day that Defendants filed the Motion to Dismiss and Motion for TRO. By rule, briefing on the Motion to Dismiss will be complete by January 31, 2025. No hearing date has been set for the Motion to Dismiss.

    C.    <u>NEW YORK STATE COURT ACTION</u>

On December 5, 2024, Plaintiff filed an *ex parte* Petition for an Order of Attachment Pursuant to CPLR § 6201 *et seq.*, in an action before the New York Supreme Court, Commercial Division. *See* Ex. 1.[i] As alleged in Plaintiff's Petition, a party seeking prejudgment attachment in New York must show (1) "that there is a cause of action," (2) "that it is probable that the plaintiff will succeed on the merits," (3) that one or more grounds for attachment provided in [CPLR] section 6201 exist," and (4) "that the amount demanded from the defendant exceeds all counterclaim known to the plaintiff." *See* Ex. 1 at ¶14. The "cause of action" referenced in the Petition is the present suit. *See id.* at ¶16 ("NSAL has asserted in the Marshall Islands Complaint seven (7) causes of action against the [Lopezes]."). To support its claim, Plaintiff submitted an Affirmation of Dennis J. Reeder in Support of Petition and Application for Attachment and TRO Relief Pursuant to N.Y. CPLR § 6201 *et seq*. In his Affirmation, Mr. Reeder represented to the New York State Court that Plaintiff was likely to succeed on its claim in this case. *See* Ex. 3 at

---

[i] Unless specified otherwise, exhibits referenced herein are attached to Defendants' Motion for TRO and Defendants' January 10th Submission.

¶6 ("I respectfully submit that the [Plaintiff] is likely to succeed on its claim against [Defendants][.]"). Mr. Reeder also represented that Defendants have no counterclaims to the present suit, despite the fact that the Complaint had not even been served yet. *Id.* at ¶20 ("[Defendants] have no known counterclaims to [Plaintiff's] claims raised in the Marshall Islands Complaint.").

Attached to the Petition was a proposed Order to Show Cause for Order of Attachment with Temporary Restraining Order, which the court granted on December 6, 2024. *See* Ex. 2. The Order specified a return date of December 23, 2024; ordered Plaintiff to pay a bond of $1,000,000.00; temporarily restrained Defendants and other garnishees from transferring or removing any assets within their custody or control, up to $10,092,571, pending a hearing; and ordered service by email to Defendants. *See* Ex. 2. The court also granted attachment *ex parte*, and ordered the Sheriff of the City of New York to levy Defendants' property within its jurisdiction, up to $10,092,571. *See* Ex. 2.

On December 9, 2024, an undertaking on the bond was posted. On the same day, restraining orders were served on Citibank, Banco Santander, UBS, Wells Fargo, American Express, Standard Bank, CitiMortgage, and Bank of NY Mellon. *See* Ex. 9.

On December 16, 2024, the court supplemented its attachment order by ordering the Sheriff to serve the notices of levy on Defendants by email and by international express mail. *See* Exhibit 18, attached hereto.

Also on December 16, 2024, Plaintiff filed a Motion for Order Confirming the Attachment in the NY State Court Action. *See* Salisbury Decl., ¶13. In support of its motion, Plaintiff attached an Affirmation of Elliott T. Williams in Support of Petitioner's Motion to Confirm Attachment to Confirm Attachment Pursuant to CPLR § 6211(b). *See* Ex. 6. In his

Affirmation, Mr. Williams represented to the New York State Court as follows: "[Defendants] have not yet answered NSAL's Republic of the Marshall Island's (the "MI") Complaint. Accordingly, [Defendants] have not asserted any counterclaims against NSAL." Ex. 6 at ¶11. On the same day, the court issued the Order to Show Cause for Order Confirming Order of Attachment, with a return date of January 30, 2025. *See* Ex. 10. Various banks were ordered to turn over information related to Defendants' assets to the Sheriff. *See* Exs. 11 and 12.

On December 17, 2024, the parties entered into a Stipulation Adjourning Briefing Schedules. *See* Exs. 13 and 14. The court approved the stipulation on December 19, 2024. The stipulation provides for the briefing to be completed by February 5, 2025, with a return date on the Order to Show Cause on February 11, 2025. There is no timeline for when the court would render its decision.

On January 13, 2025, Defendants filed their Opposition to Plaintiff's Motion for an Order of Attachment and Motion to Confirm the Attachment, and Cross-Motion to Vacate the Ex Parte Order of Attachment. The Memorandum of Law in Support of Defendants' Opposition and in Support of the Cross-Motion to Vacate (without exhibits) is attached hereto as Exhibit 19.

There is currently no stay and no protective order in the NY State Court Action.

D.    NEW YORK FEDERAL COURT ACTION

On December 10, 2024, Plaintiff filed a Petition for Discovery Assistance Order Pursuant to 28 U.S. § 1782(A), in the United States District Court for the Southern District of New York. In support of Plaintiff's petition, Plaintiff's counsel represented as follows: "I have been advised by NSAL's Marshall Islands lawyers that the High Court of the Republic of the Marshall Islands will be receptive to this Court's assistance and there is no procedural prohibition against NSAL seeking discovery in the United States." *See* Ex. 5 at ¶15. Plaintiff's counsel further represented: "NSAL has not filed this Petition as a means of circumventing discovery limits

under the rules governing the High Court of the Republic of the Marshall Islands, and I have been advised by NSAL's Marshall Islands lawyers that no discovery limits have been set in the High Court action." *See id.* at ¶16.  Based on the representations made by Plaintiff's counsel, the Federal Court issued a Discovery Order in Assistance of Foreign Proceeding permitting Plaintiff to serve multiple subpoenas for production of documents and take depositions.  *See* Ex. 4.  Plaintiff served subpoenas for discovery on the following entities: Boca World, LLC, UBS, CitiMortgage, Standard Bank, JP Morgan Chase, Bank of NY Mellon, Banco Santander, American Express and Citibank.  The subpoenas were returnable on January 2, 2024.

On December 23, 2024, Defendants filed a proposed Order to Show Cause, in which they sought to intervene in the Federal Court action.  The proposed Order also requested a stay of the subpoenas.  The court set a briefing schedule on the motion to intervene and directed the parties to meet and confer regarding consent to intervene and a subsequent motion to stay.

On January 1, 2025, Defendants filed a motion to stay enforcement of the subpoenas pending a decision on their anticipated motion to quash the subpoenas.

On January 2, 2025, Plaintiff filed an opposition to Defendants' motion to stay the subpoenas.  *See* Ex. 7.  In its opposition, Plaintiff's counsel noted that the return date for the subpoenas was January 23, 2025.  *See id.* at 2.

On January 7, 2025, the court issued an order granting the motion to intervene on consent and staying compliance with the subpoenas pending a decision on a motion to quash the subpoenas, to be filed by January 13, 2025.  Pursuant to this Order, briefing was to be completed by February 3, 2025.  *See* Ex. 15.

On January 9, 2025, Plaintiff submitted a letter motion asking the court to shorten the briefing schedule so that the motion is fully submitted by January 24, 2025. The court granted the motion on January 10, 2024. *See* Ex. 16.

On January 13, 2024, Defendants filed a Motion to Quash the Subpoenas. The Memorandum of Law in Support of Defendants' Motion to Quash (without exhibits) is attached hereto as Exhibit 20.

There is currently no protective order in the Federal Court Action. On January 14, 2025 (US date), ***after*** the Court issued its Order, Plaintiff's counsel reached out to Defendants' counsel about signing the model stipulated protective order included in Judge Liman's individual rules. This is the model protective order parties sign when engaging in discovery (Defendants are only intervenors). The form order does not protect Defendants from disclosure of Defendants' confidential financial information to Plaintiff and is only intended to prevent disclosure of the documents produced during discovery to third parties. Given the pending Motion to Dismiss before this Court and the stay in the Federal Court Action, entering into a protective order at this time is premature.

Respectfully submitted on January 16, 2025.

_____
ARSIMA A. MULLER

Attorney for Defendants
CLAUDIO PABLO LOPEZ AND
CARLOS AUGUSTO LOPEZ

4921-1172-1743.2

9.