EXHIBIT 2

Dennis J. Reeder
Bar Certificate No. 80
P.O. Box 601
Majuro, MH 96960
Telephone: +1-692-625-3602
Honolulu Telephone: 808-352-0749
Email: dreeder.rmi@gmail.com

ISRAEL DAVID LLC
Israel David (admitted *pro hac vice*)
Adam M. Harris (*pro hac vice* forthcoming)
Andrew Cauchi (*pro hac vice* forthcoming)
17 State Street, Suite 4010
New York, NY  10004
212-739-0622
israel.david@davidllc.com
adam.harris@davidllc.com
andrew.cauchi@davidllc.com

ISRAEL DAVID LLC
Mark Cianci (admitted *pro hac vice*)
399 Boylston Street, Floor 6, Suite 23
Boston, MA  02116 617-295-7771
mark.cianci@davidllc.com

*Attorneys for Plaintiff*

**IN THE HIGH COURT
REPUBLIC OF THE MARSHALL ISLANDS**

| | |
|---|---|
| Navios South American Logistics Inc., a Republic of the Marshall Islands Corporation, <br><br> Plaintiff, <br><br> - against - <br><br> Claudio Pablo Lopez and Carlos Augusto Lopez, <br><br> Defendants. | Civil Action No. 2024-01839 <br><br> **PLAINTIFF'S SUBMISSION IN RESPONSE TO JANUARY 14, 2025 ORDER IN CONNECTION WITH DEFENDANTS' EMERGENCY MOTION TO CONFIRM STAY OF DISCOVERY AND FOR TEMPORARY RESTRAINING ORDER** |

Pursuant to the Court's January 14, 2025 Order re January 10 and 13 Updates (the "January 14 Order") in connection with the Emergency Motion To Confirm Stay of Discovery and for Temporary Restraining Order filed by Defendants Claudio Pablo Lopez and Carlos Augusto Lopez ("Defendants") on January 3, 2025 (the "TRO Motion"), Plaintiff Navios South American Logistics Inc. ("Plaintiff") respectfully submits the following.

I.    **Status of New York Actions, Including Efforts To Mitigate Any Potential Harm From The Banks' Compliance With The Subpoenas**

***Status of New York Actions***.  The summaries of the New York State Attachment Action and the New York Federal Discovery Action as set forth in the January 14 Order are accurate in all respects.  Plaintiff adds for the sake of completeness as follows:

(a)  In the New York State Attachment Action, on January 13, 2025, Defendants filed on a combined basis their Opposition to Plaintiff's Motion for an Order of Attachment (as scheduled) and to Plaintiff's Motion to Confirm the Attachment (two weeks ahead of schedule), as well as a new Cross-Motion to Vacate the Ex Parte Order of Attachment. Plaintiff's Opposition to the Cross-Motion to Vacate is due to be filed on January 23, 2025, with a "return date" of January 27, 2025.  All other dates in respect of the New York State Attachment Action remain the same as those set forth in this Court's January 14 Order.

(b)  Similarly, as regards the New York Federal Discovery Action, on January 13, 2025, as scheduled, Defendants filed their Motion to Quash the subpoenas issued in that action. All other dates in respect of the Federal Discovery Action remain the same as those set forth in this Court's January 14 Order.

As for an estimate of when the courts in the two New York actions might issue their rulings, Plaintiff notes that Judge Liman in the New York Federal Discovery Action stated on January 7,

2025, with respect to Defendants' then-forthcoming Motion to Quash, that the "Court expects to render [a decision] shortly after the motion is fully submitted." Hence, given that – as noted in this Court's January 14 Order – briefing on the Motion to Quash is scheduled to be complete by January 24, 2025, we believe it is fair to estimate that Judge Liman would likely issue a ruling within approximately one week after the close of briefing – *i.e.*, by approximately January 31, 2025, although it is of course possible that it might potentially take longer until such a ruling is issued. In the New York State Attachment Action, Judge Crane has not stated how soon after February 11, 2025 – the latest "return date" for any of the motions pending in the State Attachment Action – the court anticipates issuing a ruling on such motions.

*Efforts To Mitigate Any Potential Harm From The Banks' Compliance With The Subpoenas*. In an effort to further ensure that Defendants will suffer no harm from the banks' compliance with the subpoenas issued under the New York Federal Discovery Action, on January 14, 2025 (U.S. date), Plaintiff's New York counsel (Patrick Lennon of Lennon, Murphy & Phillps, LLC) informed Defendants' New York counsel via email that: "NSAL is prepared to enter into Judge Liman's attached model protective order without modification, and to abide by its terms in the 1782 action. Please advise if your clients agree." On January 15, 2025 (U.S. date), Defendants' New York counsel responded, in relevant part, as follows: "We will keep this on hand if and when discovery commences. We believe we will prevail in quashing the subpoenas, so this may well be either moot or premature, but we agree that his form is what we will use (perhaps with a couple proposed changes)."

A copy of Judge Liman's model protective order is attached hereto as Exhibit 1. Among many other protective provisions, Judge Liman's model protective order provides (at Section 11) that "[r]ecipients of Confidential Discovery Material under this Protective Order may use such

material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial, or competitive purpose." Judge Liman's model protective order further provides (at Section 19) that "All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court."

## II.    Procedural and Factual Background, Including Efforts To Serve Defendants with Summons and Complaint

*Procedural and Factual Background*.   On November 27, 2024, Plaintiff Navios South American Logistics Inc., a Marshall Islands corporation, commenced this lawsuit by filing its Summons and Complaint with the Clerk of the Courts for the Republic of The Marshall Islands. The Complaint names as Defendants two long-time former directors of Plaintiff – namely, Messrs. Claudio and Carlos Lopez.  The complaint asserts seven causes of action: (i) breach of the fiduciary duty of loyalty; (ii) breach of the fiduciary duty of good faith; (iii) fraud; (iv) conversion; (v) civil conspiracy; (vi) unjust enrichment; and (vii) declaratory judgment.[1]

On January 3, 2025, Defendants filed a motion pursuant to Rule 12(b)(2) of the Marshall Islands Rules of Civil Procedure to dismiss the Complaint for lack of personal jurisdiction. Plaintiff intends to timely file its opposition to the motion to dismiss on January 24, 2025. Defendants' reply in further support of their motion to dismiss will be due on January 31, 2025.

Also on January 3, 2025, Defendants filed the TRO Motion.  The Court held a scheduling conference in respect of the TRO Motion on January 7, 2025, Plaintiff filed its opposition to the

---

[1]  In view of the Court's instruction in the January 14 Order that the parties submit a "balanced" presentation of the procedural background of this lawsuit, we do not include here a summary of the Complaint's allegations.  However, a short, three-page summary of these allegations can be found at Paragraphs 4-14 of the Complaint; or – alternatively – a short, two-page summary can be found at pages 6-7 of Plaintiff's January 9, 2025 brief in opposition to Defendants' TRO Motion.

TRO motion on January 9, 2025, and Defendants on January 10, 2025 filed a Request for Judicial Notice in Support of the TRO Motion.  Also on January 10, 2025, the Court held a hearing on the TRO Motion, and the parties filed further submissions regarding the proceedings in New York, as ordered by the Court at the conclusion of that hearing (styled Plaintiff's Submission Regarding the Status of New York Proceedings and Defendants' Response to Court's Request for Status of New York Actions, respectively).  On January 13, 2025, Defendants filed a further Update to New York Federal Court Action.

***Efforts To Serve Defendants with Summons and Complaint***.  On or about December 12, 2024 – and subsequent to several rounds of interviewing multiple Hague Convention service-of-process vendors – Plaintiff engaged a leading Hague Convention service-of-process vendor to effect such service upon Defendants.  On or about that date, Plaintiff paid the selected vendor in excess of $5,000 for the requested service.  Thereafter, this Hague Convention service vendor promptly (i) arranged for the labor-intensive work of having the Summons and Complaint formally translated into Spanish, and (ii) prepared the various Hague Convention service forms for presentation to the Attorney General for the Republic of the Marshall Islands for his consideration and execution of those forms.  These papers were presented to the Attorney General on or about January 8, 2025.  The Attorney General executed these documents on January 15, 2025, and, on January 16, 2025, the executed documents were forwarded to the appropriate Central Authority (as that term is defined and used in the Hague Convention) in South America for service upon Defendants.

It is Plaintiff's understanding that, once the executed Hague Convention service papers reach South America, it generally takes at least several months until the Central Authority in South America effects service locally upon the specified defendants, and that there is no procedural or

other tool available to encourage or otherwise have the Central Authority effect Hague Convention service in a more expedited manner.

In the meantime, and in parallel with Plaintiff's efforts to effect service via the Hague Convention, on December 13, 2024, Plaintiff's counsel sent an email to Ms. Mariela Ruanova of Dentons, counsel for Defendants in Montevideo, Uruguay (who had previously corresponded on behalf of Defendants with counsel for Plaintiff ), attaching a copy of the Summons and Complaint and including a request as follows:  "Kindly let us know whether you will accept or waive service upon your clients in exchange for a mutually agreeable date for your clients' responsive pleading." To date, Plaintiff's counsel has not received any response from Ms. Ruanova.

 Dated: January 16, 2025                    Respectfully submitted,

                                            By: _____

                                            ISRAEL DAVID LLC
                                            Mark Cianci (admitted *pro hac vice*)
                                            399 Boylston Street, Floor 6, Suite 23
                                            Boston, MA  02116
                                            617-295-7771
                                            mark.cianci@davidllc.com

                                            ISRAEL DAVID LLC
                                            Israel David (admitted *pro hac vice*)
                                            Adam M. Harris (*pro hac vice* forthcoming)
                                            Andrew Cauchi (*pro hac vice* forthcoming)
                                            17 State Street, Suite 4010
                                            New York, NY  10004
                                            212-739-0622
                                            israel.david@davidllc.com
                                            adam.harris@davidllc.com
                                            andrew.cauchi@davidllc.com

                                            REEDER & SIMPSON, P.C.
                                            Dennis J. Reeder
                                            Bar Certificate No. 80
                                            P.O. Box 601
                                            Majuro, MH  96960
                                            Telephone: +1-692-625-3602

Honolulu Telephone: 808-352-0749
Email: dreeder.rmi@gmail.com

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                      :

                                      :

                                      :

               Plaintiff(s),          :

                                        :               -cv-      (LJL)

       -v-                       :

                                        :              PROTECTIVE ORDER

                                        :

                                        :

               Defendant(s).      :

                                        :

------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

      WHEREAS, the Parties, through counsel, agree to the following terms;

      WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

      WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

      WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

      IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel  by

the reporter.  During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

6.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

        (a) the Parties to this action, their insurers, and counsel to their insurers;

        (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

        (c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

        (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

        (e)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

        (f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

        (g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

        (h) stenographers engaged to transcribe depositions conducted in this action; and

        (i) this Court, including any appellate court, and the court reporters and support personnel for the same.

7.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f) or 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.

9.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.

10.     A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party.  Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court.  If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

11.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose.  Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

12.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and,

4

if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13.    All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(H) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

14.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

15.    Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16.    Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

18.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential,"

and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

_____        _____

Dated:                                  Dated:

SO ORDERED

Dated:                                  _____
        New York, New York                      LEWIS J. LIMAN
                                         United States District Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------X
                                                      :
                                                      :
                                                      :
                                                      :
                       Plaintiff(s),                  :
                                                      :           -cv-          (LJL)
           -v-                                        :
                                                      :         NON-DISCLOSURE
                                                      :         AGREEMENT
                                                      :
                       Defendant(s).                  :
                                                      :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____