The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – Phone
(212) 490-6070 - Fax



1599 Post Road East
Westport, CT 06880
(203) 256-8600 – Phone
(203) 255-5700 - Phone
(203) 256-8615 – Fax
(203) 255-5702 - Fax

March 12, 2025

<u>*Via ECF*</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

Re:   In re Navios South American Logistics, Inc.
      Case No.:    24-mc-575(LJL)
      LMP File No.: 6599

Dear Judge Liman:

      We represent the Petitioner, Navios South American Logistics Inc. ("NSAL") in the above-captioned action. We write in response to the letters filed on the docket yesterday and earlier today by counsel for the Intervenors. *See* ECF No. 44 and No. 45.

      Intervenors request dismissal of this action on the basis that the Republic of the Marshall Islands High Court granted the Intervenors' motion to dismiss NSAL's Complaint due to a lack of personal jurisdiction over the Intervenors. As explained below, the Intervenors' request should be denied because NSAL, whether in the Republic of the Marshall Islands, another foreign jurisdiction, or in the United States, will continue to pursue its claims against the Intervenors.

      We received a copy of the RMI court's decision less than 48 hours ago. In conjunction with NSAL's RMI counsel, we are still reviewing the decision. NSAL has a right to appeal the decision to the RMI Supreme Court. However, as indicated above, irrespective of whether it appeals the decision NSAL fully intends to continue to pursue its claims against the Intervenors in a court of competent jurisdiction.

      As your Honor has previously noted, it is well-established "that an applicant may obtain Section 1782 discovery even if they 'ha[ve] yet to commence the foreign proceeding for which discovery is sought, so long as the proceeding is within reasonable contemplation.'" *In re Navios S. Am. Logistics Inc.*, No. 24-mc-575 (LJL), 2025 U.S. Dist. LEXIS 19126, at *24 (S.D.N.Y. Feb. 3, 2025)(Liman, J.). In opposing Intervenor's motion challenging the Court's Order (ECF No. 12) NSAL has made this exact point, *i.e.*, that so long as pursuit of an action in a foreign forum is "within reasonable contemplation" Section 1782's "for use" requirement is satisfied. Here, as indicated above, NSAL fully intends to continue pursuit of its claims against the Intervenors on

the basis of the allegations set forth in the RMI Complaint (a copy of which may be found at ECF No. 3, Ex. 1).

Neither the dismissal of NSAL's RMI Complaint for lack of personal jurisdiction over the Intervenors, nor the New York Supreme Court's vacatur of the attachment order issued in that proceeding changes anything relevant to this action because NSAL reasonably contemplates continued pursuit of its claims against the Intervenors. Moreover, Intervenors have cited no authority to support their naked request for dismissal of this action and failed to confer with NSAL counsel prior to filing their letter motion[1] (ECF No. 44) in violation of Paragraph 1(C) of your Honor's Individual Practices. Accordingly, NSAL respectfully requests that the Intervenors' letter request for dismissal of this action should be denied.

We thank the Court for its time and consideration.

Respectfully submitted,

Patrick F. Lennon
Kevin J. Lennon
Elliott T. Williams

cc: All counsel via ECF

---

[1] Intervenor's letter was also not filed on ECF as a letter motion which is a further violation of Paragraph 1(C) of your Honor's Individual Practices.