USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/21/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                     :      24-mc-575 (LJL)

In Re: Navios South American Logistics Inc.    :

                                                 :      MEMORANDUM AND
------------------------------------------------------------------------X      ORDER

LEWIS J. LIMAN, United States District Judge:

      On February 3, 2025, the Court granted in part the motion by Intervenors Claudio Pablo Lopez and Carlos Augusto Lope ("Intervenors") to quash all subpoenas issued by Navios South American Logistics ("NSAL") pursuant to this Court's December 18, 2024 ex parte discovery order. *In re Navios S. Am. Logistics Inc.*, 2025 WL 369717 (S.D.N.Y. Feb. 3, 2025). The Court noted that "[a]lthough there is no indication that the RMI High Court would be unreceptive to the discovery or that NSAL's Section 1782 application is an attempt to circumvent the RMI's proof-gathering restrictions, the facts that much of the requested discovery should be directly available from the defendants in the underlying action and that the subpoenas, as drafted, are overbroad, recommend against permitting the discovery requests to go forward in their current form." *Id.* at *12. However, the Court permitted NSAL to submit revised proposed subpoenas that were to be more narrowly tailored to the claims advanced in the RMI Action. *Id.*

      NSAL submitted revised proposed subpoenas and a memorandum of law in support of the subpoenas on February 14, 2025. Dkt. No. 41-1. Intervenors submitted a memorandum of law in opposition to the revised proposed subpoenas on February 21, 2025. Dkt. No. 42. On March 7, 2025, the Court held a discovery conference regarding Intervenors' objections to NSAL's revised proposed subpoenas.

      On March 11, 2025, Intervenors submitted a letter explaining that the RMI High Court had dismissed NSAL's case in its entirety on the ground that the defendants were not subject to

personal jurisdiction in the RMI.  Dkt. No. 44; *see also* Dkt. No. 44-1 (order of the RMI High Court).  Intervenors requested dismissal of NSAL's Section 1782 application, arguing that because "the RMI Action forms the statutory basis for this proceeding, we respectfully submit that this proceeding must also be dismissed in its entirety as there is no need for 'Discovery Assistance' to the RMI Court, or any other 'proceeding in a foreign or international tribunal', as no other proceeding exists."  Dkt. No. 44 (quoting 28 U.S.C. § 1782).

On March 12, 2025, NSAL submitted a letter stating that "the Intervenors' request [to dismiss the Section 1782 application] should be denied because NSAL, whether in the Republic of the Marshall Islands, another foreign jurisdiction, or in the United States, will continue to pursue its claims against the Intervenors."  Dkt. No. 46 at 1.  NSAL explained that it "has a right to appeal the decision to the RMI Supreme Court" but that "irrespective of whether it appeals the decision NSAL fully intends to continue to pursue its claims against the Intervenors in a court of competent jurisdiction."  *Id.*

To permit discovery pursuant to Section 1782, the requested discovery must be "for use in a foreign proceeding before a foreign [or international] tribunal."  *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (quoting *Brandi–Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012)).  The foreign proceeding need not be pending or imminent at the time of the application but must be at least within "reasonable contemplation" of the party seeking relief.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  "The statutory prerequisite that the discovery be 'for use in a foreign proceeding' 'assesses the practical ability of an applicant to place a beneficial document—or the information it contains—before a foreign tribunal.'"  *In re Navios*, 2025 WL 369717, at *5 (quoting *In re BonSens.org*, 95 F.4th 75, 80 (2d Cir. 2024)).  Applicants bear the "burden of establishing that they are in a position to use the evidence they seek

through their § 1782 application in [a] foreign proceeding[].'" *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 120 (2d Cir. 2015). The Second Circuit has held that "a § 1782 application is moot when there are 'no foreign proceedings, within the meaning of the statute, in which the discovery could be used.'" *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 96 (2d Cir. 2020) (quoting *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 29 (2d Cir. 1998)); *accord In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017).

The requested discovery is not "for use" in the RMI action. The Second Circuit's holding in *In re BonSens.org*, 95 F.4th 75 (2d Cir. 2024), is instructive. In that case, the applicant, BonSens, was engaged in an underlying proceeding in France. *Id.* at 78. At the time of the Section 1782 application, the French court had dismissed the underlying action for lack of jurisdiction, among other grounds, and BonSens had filed an appeal. *Id.* at 79. While BonSens' application was pending before Judge Furman, the French appellate court affirmed the dismissal of the foreign action. *Id.* Upon further briefing, Judge Furman denied BonSens' application on the basis that BonSens lacked "the practical ability" to use the requested discovery in the French proceeding, including any further appellate proceedings. *Id.* The Second Circuit affirmed, holding that "the requested discovery is not relevant to the jurisdictional question that is currently on appeal" and that "an applicant who cannot identify a 'procedural mechanism by which [to] inject the discovery . . . into foreign proceedings' will not meet the 'for use' standard." *Id.* at 80–81 (quoting *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 680 (2d Cir. 2022)); *accord Euromepa*, 154 F.3d at 29 ("[T]he discovery certainly could not be 'for use in' the French Supreme Court appeal if that court does not take and hear new evidence."). The Second Circuit noted that if BonSens prevailed in its appeal in the French action, the discovery sought could then be

3

introduced in the remanded case on the merits, but found that remote possibility insufficient to grant the application:

> [A]t this stage of the proceeding, there is no objective basis from which we can conclude that the Conseil d'État's decision on the jurisdictional issue will be favorable to BonSens.  Rather, the record indicates that two French courts have summarily dismissed BonSens' action on jurisdictional grounds.  Based on those decisions, it can fairly be said that a reversal by the Conseil d'État on the jurisdictional issue is uncertain at best, and BonSens has not carried its burden to show that a merits proceeding is within reasonable contemplation.  Accordingly, the district court did not err in dismissing BonSens' § 1782 application pending the Conseil d'État's decision on the jurisdictional question.

*In re BonSens.org*, 95 F.4th at 81 (quotations omitted).

Like BonSens, NSAL lacks any practical ability to inject the discovery sought into the underlying foreign action, given that action's appellate posture.  The case was dismissed on purely jurisdictional grounds, Dkt. No. 41-1, and even if NSAL decides to pursue an appeal—an open question at the moment—there is no indication the discovery sought could be considered by the appellate court or that the appeal would succeed.

NSAL claims in the alternative that "NSAL fully intends to continue to pursue its claims against the Intervenors in a court of competent jurisdiction." Dkt. No. 46 at 1.  But an "applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated" such that "proceedings will be instituted within a reasonable time." *Certain Funds*, 798 F.3d at 123 (quotation omitted); *accord Mangouras*, 980 F.3d at 101.  "At a minimum, a § 1782 applicant must present to the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." *Certain Funds*, 798 F.3d at 123.  NSAL's vague statement that it will continue to pursue its claims against the Intervenors does not meet that threshold.  Because NSAL has not even identified a court of arguably competent jurisdiction in which it could advance its claims, there is no basis to conclude that NSAL has any practical ability to inject the discovery

4

sought into a foreign proceeding, *In re BonSens.org*, 95 F.4th at 80, or that proceedings could be instituted "within a reasonable time," *Certain Funds*, 798 F.3d at 123.

NSAL's renewed Section 1782 application is denied without prejudice. *See Mees*, 793 F.3d at 303 (recognizing that "a party may file a new [Section 1782] application upon a significant change in circumstances").

SO ORDERED.

Dated: March 21, 2025
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

5